MARK S. ROSEN (S.B.N. 72431)
Attorney at Law
27281 Las Ramblas, Ste. 200
Mission Viejo, California 92691
Tel: (714) 285-9838
marksrosen@aol.com

VAN T. TRAN (S.B.N. 174264)
Attorney at Law
1502 N. Broadway
Santa Ana, California 92701
Tel: (949) 260-8404
Fax: (714) 998-4663
tranesq@aol.com

Attorneys for Plaintiff DAVID TYLER MOSS and FIDELISSIMUS, LLC

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In Re  BRIAN DENNIS MARTIN<br><br>            Debtor,<br>_____<br><br>DAVID TYLER MOSS and<br>FIDELISSIMUS, LLC,<br><br>            Plaintiffs,<br><br>        vs.<br><br>BRIAN DENNIS MARTIN,<br><br>            Defendant.<br>_____ | Chapter 7<br><br>Case No. 6:25-bk-10944-MH<br>Adversary No.<br><br>**COMPLAINT FOR<br>DETERMINATION OF<br>NONDISCHARGEABILITY AND<br>OBJECTION TO DISCHARGE<br>PURSUANT TO 11 U.S.C. §523 AND<br>§727** |

TO THE HONORABLE JUDGE, MARK D. HOULE:

COME NOW, Plaintiffs DAVID TYLER MOSS and FIDELISSIMUS, LLC (collectively, "Plaintiffs"), creditors in the above-referenced Chapter 7 proceeding, and file this Complaint to Determine the Dischargeability of Debt against Debtor/Defendant BRIAN DENNIS MARTIN ("Defendant" or "Debtor"), and in support thereof respectfully state as follows:

I. JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

3.    This adversary proceeding is brought pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and Federal Rule of Bankruptcy Procedure 7001(6).

II. PARTIES

4.    Plaintiff DAVID TYLER MOSS is an individual and creditor of the Debtor, and a judgment creditor by virtue of a Final Judgment entered on April 15, 2016 in Case No. 3:14-CV-03088-BF in the United States District Court for the Northern District of Texas.

5.    Plaintiff FIDELISSIMUS, LLC is a limited liability company and judgment creditor of the Debtor pursuant to a judgment entered on September 22,

2022, in Cause No. DC-20-09893 in the 68th Judicial District Court of Dallas County, Texas.

6.      Defendant BRIAN DENNIS MARTIN is the Debtor in this Chapter 7 bankruptcy case.

### III. FACTUAL BACKGROUND

Past Legal Actions

7.      Plaintiffs obtained a judgment against Debtor in the amount of $18,600,000 on April 15, 2016, following a federal jury trial on claims including fraud, breach of fiduciary duty, and conspiracy. That judgment was affirmed by the United States Court of Appeals for the Fifth Circuit.

8.      In a subsequent state court proceeding, Cause No. DC-20-09893, Plaintiffs obtained another judgment against Debtor for an additional $9,127,960.08, based on findings that Debtor engaged in fraudulent transfers, common law fraud, civil conspiracy, and conversion.

9.      The findings of fact from the state court include detailed evidence of Debtor's post-judgment schemes to avoid collection, including transferring monetized YouTube video content to entities controlled by others, redirecting income to evade garnishment, and making false statements under oath.

10.     Debtor created WildCraft and Wild MC Ltd., offshore and nominal entities, to conceal his ownership of valuable monetized assets in willful defiance of court orders and to frustrate collection of the judgment. The state court found that Debtor's conduct was willful, malicious, and fraudulent.

April 7, 2025 §341 Meeting of Creditors

At the §341 Meeting of Creditors held on April 7, 2025, the Trustee requested that Plaintiffs narrow the scope of their questioning to identifying property currently owned or controlled by the Debtor. In response, testimony was elicited from the Debtor indicating that he plays a substantial, if not primary, role in the operation of a YouTube content channel held in the name of his brother, Keven Martin.

The Debtor testified that he is responsible for the creation and management of monetized digital content posted to the channel, while Keven Martin, who lacks relevant education, training, or expertise, is listed as the ostensible owner. The Debtor further testified that he performs these services pursuant to an informal "work for hire" arrangement, whereby his sole compensation consists of room and board furnished by Keven Martin. The Debtor represented that he receives no direct income, yet also acknowledged that Keven pays certain of his bills, arranges transportation, and otherwise provides him with funds as needed.

The facts adduced at the Meeting of Creditors support the inference that the Debtor and Keven Martin are operating a unified business endeavor through the use of integrated resources for the purpose of generating profit. The indicia of shared economic interest and operational interdependence give rise to the equitable doctrine of alter ego under California law, including but not limited to the "single business enterprise" theory, under which courts may disregard nominal separateness and impose liability where the entities—or individuals—are, in effect, operating as one.

Alternatively, even if the "single business enterprise" doctrine were found to apply only to legal entities and not individuals, the arrangement between the Martin brothers satisfies the elements of a joint venture. California law recognizes that a joint venture may be formed by express agreement or inferred from the conduct and

declarations of the parties. The joint efforts of the Debtor and his brother, the shared

financial benefits, and the absence of arm's-length arrangements reflect an informal

business association in which the fruits of the Debtor's labor are funneled through an

affiliate to evade enforcement of existing judgments.

Plaintiffs allege that this scheme is designed to frustrate creditor collection

efforts and to obscure the true nature of the Debtor's continuing business activities and

economic benefits. In the event the Trustee elects not to pursue avoidance or collection

remedies against Keven Martin or the assets nominally held in his name, Plaintiffs

intend to pursue post-judgment collection efforts upon obtaining a non-dischargeability

determination in this adversary proceeding.


IV. CAUSES OF ACTION

Count 1: Non-Dischargeability Under 11 U.S.C. § 523(a)(2)(A)

(Actual Fraud)

Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth

herein.

Debtor obtained property and retained funds through false representations and

actual fraud.

The federal and state court judgments rest on specific findings of fraudulent

intent, schemes to deceive, and misrepresentations by the Debtor.

Accordingly, the debts owed to Plaintiffs are non-dischargeable under §

523(a)(2)(A).

Count 2: Non-Dischargeability Under 11 U.S.C. § 523(a)(4)

(Fraud While Acting in a Fiduciary Capacity)

Debtor stood in a fiduciary relationship with Plaintiffs as a business partner in the VideoGames YouTube partnership.

Debtor breached that fiduciary duty by converting funds, misappropriating partnership property, and concealing material facts.

Such conduct constitutes defalcation and/or fraud in a fiduciary capacity under § 523(a)(4).

Count 3: Non-Dischargeability Under 11 U.S.C. § 523(a)(6)

(Willful and Malicious Injury)

Debtor's actions—including transfer of digital assets, deletion of videos, redirection of subscribers, and false copyright strikes—were intentional and caused harm to Plaintiffs.

These actions were taken with specific intent to injure and frustrate judgment enforcement.

Such conduct is willful and malicious within the meaning of § 523(a)(6).

## V. LEGAL BASIS FOR EQUITABLE RELIEF AGAINST AFFILIATES

California law provides substantial support for applying the equitable doctrine of alter ego, including the "single business enterprise" theory, to individuals who operate in concert as a unified business endeavor. The alter ego doctrine is an equitable remedy that allows courts to disregard separate legal identities when there exists a unity of interest and ownership, and where respecting such separateness would result in injustice or inequity.

The doctrine is not limited to corporate entities and may be applied to individuals where the facts justify such treatment. Courts in California have consistently held that where one person or entity is used as a mere shell, conduit, or instrumentality for another, and the recognition of separate identities would sanction a fraud or promote injustice, equity permits piercing the veil. See Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523 (2000); VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc., 99 Cal. App. 4th 228 (2002); Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305 (2009); Greenspan v. LADT LLC, 191 Cal. App. 4th 486 (2010); Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc., 217 Cal. App. 4th 1096 (2013).

To invoke the alter ego doctrine under California law, two conditions must generally be met: (1) there is such a unity of interest and ownership that the separate personalities no longer exist, and (2) an inequitable result would follow if the acts in question are treated as those of the separate entities or individuals alone. Factors informing this analysis include, but are not limited to, commingling of assets, lack of segregation of funds, identical ownership and control, absence of arm's-length dealings, use of assets for personal purposes, and a general disregard of legal formalities.

In this case, the operational arrangement between Brian Martin and Keven Martin reflects a unity of interest, shared resources, and coordinated conduct in furtherance of a common business purpose. The Debtor's labor and management of the monetized content, combined with Keven Martin's formal ownership and control of proceeds, constitute a structure in which Keven acts as the nominal holder of assets to shield them from collection, while the Debtor continues to derive ongoing economic

benefit. Recognition of separateness under these circumstances would reward evasion and frustrate the administration of justice.

Further, California recognizes the "single business enterprise" theory as a subset of alter ego, wherein multiple persons or entities may be treated as a single legal actor for purposes of imposing liability. Courts have imposed joint responsibility where individuals or entities pool resources, operate under unified policies or economic objectives, or commingle finances. See Toho-Towa, 217 Cal. App. 4th at 1109; LSREF2 Clover Property 4, LLC v. Festival Retail Fund 1, LP, 3 Cal. App. 5th 1067 (2016). The informal and ongoing collaboration between the Martin brothers falls squarely within this doctrine.

Alternatively, even if the Court determines that alter ego or single business enterprise theories are inapplicable, the facts support imposition of liability under a joint venture theory. California law defines a joint venture as an undertaking by two or more persons to carry out a single business enterprise for profit, which may be inferred from conduct rather than requiring a formal agreement. See Nelson v. Abraham, 29 Cal. 2d 745, 177 P.2d 931 (1947). The shared labor, mutual financial benefit, and absence of commercial formality between the Debtor and his brother support a reasonable inference that they are engaged in a de facto joint venture.

Moreover, California has adopted the Uniform Voidable Transactions Act (UVTA), which authorizes the avoidance of transfers made with the actual intent to hinder, delay, or defraud creditors. Relevant factors include transfers to insiders, continued control over transferred property, concealment of transfers, and lack of reasonably equivalent value in exchange. The funneling of monetized content and income through Keven Martin, while Debtor continues to labor for the benefit of the

enterprise without formal compensation, supports a strong inference of fraudulent intent under the UVTA.

Accordingly, Plaintiffs reserve the right to seek equitable remedies—including declaratory relief, constructive trust, or post-judgment collection—against Keven Martin and any assets held in his name that serve as vehicles to shelter the Debtor's economic benefits from creditors. If the Trustee declines to pursue such relief, Plaintiffs will proceed independently upon obtaining a judgment of non-dischargeability in this action.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment declaring that the debts owed to Plaintiffs by Defendant Brian Dennis Martin are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6);

b. Award Plaintiffs their reasonable attorneys' fees and costs; and

c. Grant such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____

MARK S. ROSEN
CO-COUNSEL FOR PLAINTIFFS
DAVID TYLER MOSS and FIDELISSIMUS, LLC

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| David Tyler Moss and Fidelissimus, LLC | Brian Dennis Martin |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark S. Rosen<br>27281 Las Ramblas, Ste 200<br>Mission Viejo CA 92691 | **ATTORNEYS** (If Known)<br>Paul Y Lee<br>10580 Magnolia Ave, Ste A<br>Riverside CA 92505 |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiffs seek to block discharge of a fraud judgment.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Brian Dennis Martin | BANKRUPTCY CASE NO.<br>6:25-bk-10944-MH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Riverside | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Mark D. Houle |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>April 30, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mark Rosen | |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.