# UNITED STATES BANKRUPTCY COURT

## Early Meeting of Counsel and Status Conference Instructions

## Effective
## March 28, 2022

1.  **Service of Order.** A copy of this Order must be served with the summons and complaint under Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference. The proof of service must indicate service of the summons, complaint, and copy of this Order.

2.  **Local Bankruptcy Rule 7026-1**. Compliance with Local Bankruptcy Rule 7026-1 ("LBR 7026-1") is required in ALL adversary proceedings.

3.  **Rule 26(f) Meeting**. Parties must meet and confer under Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date indicated in the summons unless all defendants default.

    The parties are jointly responsible for scheduling and attending the Rule 26(f) Meeting. During the Rule 26(f) Meeting, the parties must:

    (a) discuss the nature and basis of their claims and defenses, as well as the possibilities for a prompt settlement or resolution of the case;

    (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and

    (c) develop a proposed discovery plan.

*The parties are directed to approach a Rule 26(f) Meeting cooperatively and in good faith. The discussion of claims and defenses must be substantive and meaningful.*

4. **Rule 26(a)(1) Initial Disclosures**. Under Rule 26(a)(1), a party must, without waiting for a pending discovery request, provide to other parties:

   a. The name and, if known, the address, and telephone number of each individual likely to have discoverable information along with the subjects of that discoverable information that the disclosing party may use to support its claims or defenses, unless the use of this discoverable information would be solely for impeachment;

   b. A copy of all documents, electronically stored information, and tangible things the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use of these documents, electronically stored information, and tangible things would be solely for impeachment. (*If copies of the above are unavailable, you must provide a description by category and location of such documents, electronically stored information, and tangible things*);

   c. A calculation of all damages claimed by the disclosing party. Under Rule 34, the disclosing party must also make available for inspection and copying all documents and evidentiary materials on which each calculation is based, which includes but is not limited to materials relating to the nature and extent of injuries suffered, unless such documents and evidentiary materials are privileged or protected from disclosure;

   d. Under Rule 34, the disclosing party must make available for inspection and copying any insurance agreements where an insurance business is or may be

>liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P. 26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. F.R.Civ.P. 26(a)(1)(E).

5. **Rule 16(b) Scheduling Conference**. The initial status conference scheduled by the Court in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.

6. **Alternative Dispute Resolution ("ADR").** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The reasons for not participating in a form of early ADR must be explained in the Joint Status Report. If parties elect not to participate in early ADR effort(s), the Court could direct parties to ADR before trial.

7. **Discovery Plan.** At the Rule 26(f) Meeting, parties must also discuss any issues about preserving discoverable information and develop a proposed discovery plan. The discovery plan discussion following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including how such discovery will be conducted. The discovery plan deadlines must be mutually agreed upon, with a goal to achieve resolution of the case with minimum expense and delay.

8. **Joint Status Report**. Not later than 14 days before the status conference/Rule 16(b) Scheduling Conference date set forth in the summons, the parties must file a Joint Status Report using mandatory **LBR Form F 7016-1.1.** The Joint Status Report must contain the information

set forth in LBR 7016-1(a)(2), and a statement that the parties completed the Rule 26(f) Meeting and that the parties made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.

Please note that under Local Bankruptcy Rule 7016-1(a)(3), if any party fails to cooperate in the preparation of a joint status report, each party is required to file a unilateral status report not less than 7 days before the date scheduled for the status conference. The status report should include a declaration indicating the attempts made by each party to contact or obtain the cooperation of the non-complying party in the preparation of a joint status report.

Parties are excused from filing a status report if one of the following is true:

(1) prior to the date scheduled for the status conference, the parties filed, and the Court entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action;

(2) defaults were entered as against all defendants and the plaintiff filed and served a motion for default judgment prior to the date scheduled for the status conference;

(3) the parties filed and, prior to the date scheduled for the status conference, the Court entered an order approving, a stipulation continuing the status conference to a later date (in which case a written status report must be filed not less than 7 days in advance of the continued status conference date); or

(4) The Court expressly relieved the parties of the obligation to file a written status report.

9. **Status Conference / Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set

appropriate deadlines.  The Court seeks to try all adversary proceedings not later than 18 months after filing of the complaint.  Consequently, all deadlines in the schedule, including the dispositive motion deadline, must be met within 12 to 14 months after filing of the complaint to afford adequate time for briefing and ruling prior to the final pretrial conference and trial date.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

10. **Default**.  If no timely response to the complaint is filed with the Court, the plaintiff may request entry of default by the clerk _prior_ to the status conference date shown in the summons.  F.R.Civ.P. 55(a).  The plaintiff may also request entry of a default judgment by filing and serving an appropriate motion.  F.R.Civ.P. 55(b)(2).

11. **Sanctions**.  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions.  The failure of either party to cooperate in the preparation and filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

Magdalena Reyes Bordeaux

United States Bankruptcy Judge