1  MICHAEL JAY BERGER (State Bar # 100291)
   SOFYA DAVTYAN (State Bar # 259544)
2  ANGELA N. GILL (State Bar #260928)
   LAW OFFICES OF MICHAEL JAY BERGER
3  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
4  Telephone:   (310) 271-6223
   Facsimile:   (310) 271-9805
5  E-mail: Michael.Berger@bankruptcypower.com
   Sofya.Davtyan@bankruptcypower.com
6  Angela.Gill@bankruptcypower.com

7  Counsel for Defendant
   Brian Dennis Martin

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | CASE NO.: 6:25-bk-10944-RB |
| BRIAN DENNIS MARTIN, | Chapter 7 |
| | ADV. NO.: 6:25-ap-01055-RB |
| Debtor. | **DEFENDANT BRIAN DENNIS MARTIN'S ANSWER TO FIRST AMENDED COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C.§ 523 AND §727** |
| DAVID TYLER MOSS and FIDELISSIMUS, LLC, | |
| Plaintiffs, | |
| vs. | |
| BRIAN DENNIS MARTIN, | |
| Defendant. | *Status Hearing Scheduled For:*<br>Date: Oct. 7, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 303<br>         3420 Twelfth St.<br>         Riverside, CA 92501 |

1

DEFENDANT BRIAN DENNIS MARTIN'S ANSWER TO FIRST AMENDED COMPLAINT FOR
DETERMINATION OF NONDISCHARGEABILITY AND OBJECTION TO DISCHARGE

TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY COURT JUDGE, PLAINTIFFS, AND TO ALL PARTIES REQUIRING NOTICE:

Defendant Brian Dennis Martin (hereinafter "Defendant") answers the First Amended Complaint of David Tyler Moss and Fidelissimus, LLC in the above-captioned adversary proceeding ("Plaintiffs") as follows:

### I.    JURISDICTION AND VENUE

1. Defendant admits that this Court has jurisdiction and this matter is a core proceeding under 28 U.S.C. § 1334 and §157(b)(2)(I).

2. Defendant admits that venue is property in this district.

3. Paragraph 3 of the First Amended Complaint sets forth Plaintiffs' legal conclusions and makes no factual allegations, but to the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

### II.    PARTIES

4. Defendant admits David Tyler Moss has a judgment against him, which was entered on April 15, 2016 in Case No. 3:14-cv-03088-BF in the U.S. District Court, Northern District of Texas. Defendant denies all other allegations contained in paragraph 4 of the First Amended Complaint.

5. Defendant denies each and every allegation contained in paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the First Amended Complaint and on that basis denies the allegations.

7. Defendant admits that he is the Debtor in this chapter 7 case.

### III.    FACTUAL BACKGROUND

## A. PAST LEGAL ACTIONS

8. Defendant denies the allegation that Fidelissimus, LLC obtained a judgment against Debtor in the United States District Court for the Northern District of Texas, Dallas Division. Defendant denies the allegation that Plaintiffs obtained a judgment against Debtor in the amount of $18,600,000 on April 15, 2016, on claims including fraud, breach of fiduciary duty and conspiracy.

   a. Defendant admits that an award in favor of David Tyler Moss and against Defendant and Marko Princip was entered, jointly and severally, in the amount of $2,100,000.00 for claims of breach of fiduciary duty, fraud, tortious interference and conspiracy. Defendant denies any allegation that these claims are not dischargeable.

   b. Defendant admits that an award in favor of Brandon Keating and against Defendant and Marko Princip was entered, jointly and severally, in the amount of $2,100,000.00 for claims of breach of fiduciary duty, fraud, tortious interference and conspiracy. Defendant denies any allegation that these claims are not dischargeable

   c. Defendant admits that an award of exemplary damages in favor of David Tyler Moss and against Defendant was entered, in the amount of $4,200,000.00. Defendant denies any allegation that this award is not dischargeable

   d. Defendant admits that an award of exemplary damages in favor of David Tyler Moss and against Defendant was entered, in the amount of $4,200,000.00. Defendant denies any allegation that this award is not dischargeable.

   e. Defendant admits that an award of exemplary damages against Marko Princip was entered, in the amount $3,000,000.00.

  f. Defendant admits that prejudgment interest was included in the judgment but only with respect to paragraphs 1 and 2 of the judgment. The statements in the unnumbered paragraph preceding paragraph 9 of the First Amended Complaint contain only conclusory statements of law, to which Defendant need not provide a response.

  9. Paragraph 9 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

  10. Defendant admits that the Court of Appeals for the Fifth District of Texas held that the judgment of the trial court was reversed and held that David Tyler Moss and Fidelissimus Inc., "take nothing on their claims for civil conspiracy, aiding and abetting, money had and received, conversion, common law fraud, and statutory fraud in a real estate transaction" and remanded for further proceedings. The remainder of paragraph 10 of the First Amended Complaint contain conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

  11. Paragraph 11 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

  12. Paragraph 12 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

13.    Defendant admits that a *default* judgment was entered on May 23, 2022. Defendant admits to filing a response denying all claims against him. Defendant admits that he did not attend the trial because he was living out of the country, in England, at the time of the trial.

    a. Defendant admits that an award of $339,984.98 on a claim of fraudulent transfer, was entered against him by default, jointly and severally with co-defendants. Defendant denies that the award is nondischargeable.

    b. Defendant admits that an award of $339,984.98 on a claim of fraudulent transfer, was entered against him by default, jointly and severally with co-defendants. Defendant denies that the award is nondischargeable.

    c. Defendant admits that an award of $25,000 on a claim of civil conspiracy, was entered against him by default. Defendant denies that the award is nondischargeable.

    d. Defendant admits that an award of $75,000 on a claim of aiding and abetting/concert of action, was entered against him by default, jointly and severally, with co-defendants. Defendant denies that the award is nondischargeable.

    e. Defendant admits that an award of $75,000f on a claim of money had and received, was entered against him by default, jointly and severally, with co-defendants. Defendant denies that the award is nondischargeable.

    f. Defendant admits that an award of $339,000 on a claim of conversion, was entered against him by default, jointly and severally, with co-defendants. Defendant denies the award is nondischargeable.

    g. Defendant admits that an award of $339,000 on a claim of civil theft, was entered against him by default, jointly and severally, with co-defendants. Defendant denies that the award is nondischargeable.

    h. Defendant admits that an award of $339,000 on a claim of common law fraud, was entered against him by default, jointly and severally, with co-defendants. Defendant denies that the award is nondischargeable.

    i. Defendant admits that an award of $225,000 was entered against him by default, on a claim of statutory fraud, jointly and severally, with co-defendants. Defendant denies that the award is nondischargeable.

    j. Defendant admits that an award of $338,000 was entered against him, by default, on a claim of trespass to title, jointly and severally, with co-defendant. Defendant denies that the award is nondischargeable.

    k. Defendant admits prejudgment interest was awarded. Defendant denies that the prejudgment interest is nondischargeable.

    l. Defendant admits exemplary damages of $680,000 were awarded to Plaintiffs. Defendant denies that the exemplary damages are nondischargeable.

14. Defendant admits that no appeal was taken. Defendant denies that the judgment is binding on Defendant or has res judicata effect.

## B. OTHER GROUNDS FOR NONDISCHARGE

Defendant incorporates by reference each and every response in paragraphs 1 through 14, above, as though set forth here in full.

15. Defendant denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that the Trustee requested Plaintiffs to narrow their questioning at the meeting of creditors. Defendant denies the allegations that he plays a

substantial and primary role in the operation of a YouTube content channel of Kevin Martin.

17.  Defendant admits that he helped to create a channel called Kraftastic. Defendant denies that Kevin Martin lacks education training or expertise to create or manage a YouTube channel. Defendant admits that in the past, he had a work for hire arrangement with Kevin Martin. Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

19.  Paragraph 19 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

20.  Paragraph 20 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

## IV.  CAUSES OF ACTION

21. Count 1: Non-Dischargeability Under 11 U.S.C § 523(a)(2)(A). Defendant incorporates by reference each and every response in paragraphs 1 through 20, above, as though set forth here in full.

22.  Defendant denies each and every allegation contained in paragraph 22 of the First Amended Complaint.

23.  Defendant denies each and every allegation contained in paragraph 23 of the First Amended Complaint.

DEFENDANT BRIAN DENNIS MARTIN'S ANSWER TO FIRST AMENDED COMPLAINT FOR
DETERMINATION OF NONDISCHARGEABILITY AND OBJECTION TO DISCHARGE

24. Defendant denies the allegation that debts owed to Plaintiffs are nondischargeable under § 523(a)(2)(A).

25. Count 2: Non-Dischargeability Under 11 U.S.C. § 523(a)(4). Defendant denies each and every allegation contained in paragraph 25 of the First Amended Complaint.

26. Defendant denies each and every allegation contained in paragraph 26 of the First Amended Complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of the First Amended Complaint.

28. Count 3: Non-Dischargeability Under 11 U.S.C. § 523(a)(6). Willful and Malicious Injury

29. Defendant denies each and every allegation contained in paragraph 29 of the First Amended Complaint.

30. Defendant denies each and every allegation contained in paragraph 30 of The First Amended Complaint.

31. Defendant denies each and every allegation contained in paragraph 31 of the First Amended Complaint.

32. Count 4: Grounds to Deny Discharge Under 11 U.S.C. § 727

33. Defendant denies each and every allegation contained in paragraph 33 of the First Amended Complaint.

34. Paragraph 34 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

35. Paragraph 35 of the First Amended Complaint contains conclusory

statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

36. Paragraph 36 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

37. Paragraph 37 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

38. Paragraph 38 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

39. Paragraph 39 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

40. Paragraph 40 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

41. Paragraph 41 of the First Amended Complaint contains conclusory statements of law, to which Defendant need not provide a response. To the extent Plaintiffs may be deemed to have made factual allegations, Defendant denies such allegations.

DEFENDANT BRIAN DENNIS MARTIN'S ANSWER TO FIRST AMENDED COMPLAINT FOR
DETERMINATION OF NONDISCHARGEABILITY AND OBJECTION TO DISCHARGE

## AFFIRMATIVE DEFENSES OF DEFENDANT

By alleging the affirmative defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

On information and belief, the Complaint and each of its causes of action are barred in whole or in part due to the failure of the Complaint to plead the elements of fraud with particularity.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, the Complaint and each of its causes of action are barred in whole or in part because of Defendant is not a fiduciary within the meaning of 11 U.S.C. §523(a)(4).

## THIRD AFFIRMATIVE DEFENSE

§ 523(a)(2)(A) does not except from discharge fraud-related punitive damages or exemplary damages.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, the Complaint and each of its causes of action are barred in whole or in part due to the comparative fault of third parties.

## FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint and each of its causes of action are barred in whole or in part due to the failure to plead the elements of willfulness and maliciousness under 523(a)(6) with particularity.

### SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint and each of its causes of action are barred in whole or in part due to the failure to plead the elements of intent under 11 U.S.C.§727 with particularity.

### SEVENTH AFFIRMATIVE DEFENSE

The judgments upon which Plaintiffs base their claims were obtained by fraud and are therefore void.

Defendant hereby reserves the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiffs take nothing from Defendant by virtue of its Complaint;
2. For attorney's fees and costs; and
3. For any such further and other relief as justice requires.

DATED: July 2, 2025        LAW OFFICES OF MICHAEL JAY BERGER

By: /s/ Michael J. Berger
Michael Jay Berger
Sofya Davtyan
Angela N. Gill
Counsel for Defendant,
Brian Dennis Martin

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **Defendant Brian Dennis Martin's Answer to First Amended Complaint for Determination of Nondischargeability and Objection to Discharge Pursuant to 11 U.S.C. § 523 and § 727** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/3/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Defendant's Counsel: Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Lynda T. Bui (TR)    trustee.bui@shulmanbastian.com, C115@ecfcbis.com
Plaintiff's Counsel: Mark S Rosen    marksrosen@aol.com, pattielegalasst@aol.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 7/3/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Plaintiff's Counsel
Van T. Tran
1502 N. Broadway
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _7/3/2025_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Magdalena Reyes Bordeaus
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/3/2025 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                         F 9013-3.1.PROOF.SERVICE