MARK S. ROSEN (S.B.N. 72431)
Attorney at Law
27281 Las Ramblas, Ste. 200
Mission Viejo, California 92691
Tel: (714) 285-9838
marksrosen@aol.com

VAN T. TRAN (S.B.N. 174264)
Attorney at Law
1502 N. Broadway
Santa Ana, California 92701
Tel: (949) 260-8404
Fax: (714) 998-4663
tranesq@aol.com

Attorneys for Plaintiff DAVID TYLER MOSS and FIDELISSIMUS, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In Re BRIAN DENNIS MARTIN<br><br>Debtor,<br>_____<br>DAVID TYLER MOSS and FIDELISSIMUS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN DENNIS MARTIN,<br><br>Defendant.<br>_____ | Chapter 7<br><br>Case No. 6:25-bk-10944-MH<br>Adversary No.6:25-ap-01055-RB<br><br>**REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>**DATE: August 26, 2025**<br>**TIME: 2:00 P.M.**<br>**COURTROOM: 303** |

– 1 –

REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT

Plaintiffs DAVID TYLER MOSS and FIDELISSIMUS, LLC (collectively "Plaintiffs") oppose the motion to dismiss the adversary proceeding as follows:

This motion should not be on calendar. Plaintiffs filed their complaint on April 30, 2025. Defendant filed the motion to dismiss on May 29, 2025. It was assigned a hearing date of July 29, 2025. On June 6, 2025, plaintiff filed a first amended complaint (Docket No. 11) which clarified the complaint. On July 3, 2025, defendant filed an answer. Defendant has not modified the motion to dismiss. Yet it remains on calendar.

The motion to dismiss raises two points. First, it argues that the state law claims were not sufficiently pled to make claims under §523. Second, it argues that there are insufficient facts for relief under 11 U.S.C. §727.

With regard to the causes of action for the state law claims under §523, plaintiffs have cured any possible defects in the complaint by attaching the actual judgments for the two cases in which the judgments are final as exhibits to the First Amended Complaint (hereinafter "FAC"). Paragraph 8 of the FAC pleads and attaches the judgment that was rendered in the United States District Court for the Northern District of Texas for $18,600,000. That judgment was for breach of fiduciary duty, fraud, tortious interference, and conspiracy. On its face, the judgment is nondischargeable in bankruptcy. The judgment was *affirmed* by the Fifth Circuit Court of Appeals in a published decision, 913 F.3d 508 (5th Cir. 2019) and is now final. (The published decision is attached to the FAC as Exhibit B.)

Defendant makes reference to a belated post-judgment, post-appeal, motion to set aside the judgment. Until and unless the Fifth Circuit reverses itself, that after-the-fact motion has no effect. The rule in the federal courts is that judgments are final for res judicata purposes regardless of any subsequent appellate proceedings. See *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985), cited in the FAC at Paragraph 8 at page 4, lines 9-13.

REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT

The federal judgment is not the only case against the defendant. Paragraph 13 of the FAC cites another final judgment, in amounts that exceed $1,000,000. That was a judgment rendered in the state court in Collin County, Texas (north of Dallas). That judgment was for fraudulent transfer, civil conspiracy, aiding and abetting, conversion, and other causes of action that are on their face not dischargeable in bankruptcy. The judgment is attached to the FAC as Exhibit C. Defendant does not even comment on this judgment.

The one judgment that defendant does comment on in some detail is a judgment rendered in the state court in Dallas County. As set forth in the FAC, the court in a bench trial awarded a judgment in favor of the plaintiffs or their assignors against the debtor and other defendants. The FAC sets forth in Paragraphs 10 through 12 that a state appellate court reversed the decision *in part* and remanded to the trial court. Much of the reversal was based on the fact that the state court had decided trademark issues that were exclusively within federal jurisdiction.

But that does not mean that the case was dismissed. Instead, as set forth in the FAC at Paragraphs 10 and 11, the appellate court remanded for the trial court to decide issues under the Texas Uniform Fraudulent Transfer Act (TUFTA), which still involves issues giving rise to nondischargeability of the debt in this court.

Thus defendant is not free and clear of the lawsuit filed in Dallas County. As set forth in the FAC at Paragraph 12, the remand has not yet been heard by the trial court because the debtor's bankruptcy stayed any further proceedings in the state court. The issues pertaining to TUFTA have to be decided in a new trial. Whether that happens in the instant adversary proceeding or in relief from the automatic stay to allow the Texas court to decide the matter remains to be seen. Under either course of action, that is not a valid reason to dismiss the adversary complaint.

Defendant also complains that plaintiff Fidelissimus LLC was not named as a party in any of the underlying court cases. However, Paragraphs 5 through 7 of the

FAC explain that on November 20, 2019, named judgment creditor Brandon Keating assigned his interest in the judgments to Fidelissimus, LLC, which is a family business. Paragraph 6 states: "By virtue of the assignment and the succession to the interest, Fidelissimus, LLC has stepped into the shoes of Keating". Defendant has not provided any argument or legal citation that there is anything improper about this assignment.

Defendants also ignore the fact that the FAC covers more than just the prior legal proceedings. The FAC, starting at Paragraph 15, lists "Other Grounds for Nondischarge". The factual allegations in Paragraphs 15 through 20 set out the activities that defendant has engaged in to conceal his assets both before and after the filing of the bankruptcy petition. More detailed facts remain to be set forth after discovery. Defendant fails to address these allegations at all.

Defendant's challenge to the cause of action under §727 consists of three lines, at page 4, lines 6-8. There are no specifics addressing any of the factual allegations, and no analysis. In the FAC, the cause of action under §727 is Count 4, starting at Paragraph 32. The cause of action incorporates in Paragraph 34 all of the factual allegations that commence at Paragraph 15, and explains in Paragraphs 32 through 41 why these facts are pertinent to the cause of action. Defendant addresses none of this. Plaintiffs have more than met their burden in pleading the cause of action, while defendant has essentially waived the argument.

For all these reasons, the motion should be denied and the matter should be set for trial. The court has scheduled a status conference for October 7, 2025.

DATED: August 6, 2025

_____
MARK S. ROSEN
CO-COUNSEL FOR PLAINTIFFS
DAVID TYLER MOSS and FIDELISSIMUS, LLC

-4-
REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

27281 Las Ramblas, Ste 200, Mission Viejo CA 92691

A true and correct copy of the foregoing document entitled (*specify*): REPLY IN OPPOSITION TO MOTION TO DISMISS COMPLAINT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/06/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Lynda T. Bui (TR), trustee.bui@shulmanbastian.com, Paul Y Lee, court@leelawyer.com, United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/06/2025 | PATTIE LIMON | *Pattie Limon* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                         F 9013-3.1.PROOF.SERVICE