IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA RIVERSIDE DIVISION

**In Re BRIAN DENNIS MARTIN**

_____

**DAVID TYLER MOSS and
FIDELISSIMUS, LLC,**

      **Plaintiffs,**

      **vs.**

**BRIAN DENNIS MARTIN,**

      **Defendant.**

Chapter 7 Case No. 6:25-bk-10944-MH
Adversary No.6:25-ap-01055-RB

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO
MODIFY DISCOVERY PERIOD**

Date: January 13, 2026

Time: 2:00PM

Courtroom: 303

PLACE: 3420 12th Ave., Riverside CA

### Opposition to Motion to Modify Discovery Period

## TO THE HONORABLE MAGDALENA BORDEAUX, JUDGE OF THE UNITED STATES BANKRUPTCY COURT.

## I. INTRODUCTION AND SUMMARY OF OPPOSITION

Defendant hereby opposes Plaintiff's Motion to Modify Discovery Period filed on December 17,

2025, which seeks an extraordinary 120-day extension of the discovery cutoff date currently set for

December 31, 2025. Defendant's opposition is based on the following grounds:

1.  Plaintiff has failed to demonstrate good cause as required under California Code of Civil

    Procedure § 2024.020 and § 2031.310;

2.  Plaintiff failed to meet and confer in good faith before filing the motion as required by

    California Code of Civil Procedure § 2016.040;

3.  Discovery is substantially complete with only minor items remaining;

4.  The requested extension would cause substantial prejudice to Defendant; and

5.  Plaintiff's motion is based on speculation rather than concrete facts.

As detailed below, Plaintiff's motion represents an improper attempt to engage in fishing

expeditions and harassment through discovery after failing to diligently pursue discovery during

the original 60-day period. Accordingly, Defendant respectfully requests that this Court deny

Plaintiff's motion in its entirety and award sanctions against Plaintiff for this abuse of the discovery

process.

## II. STATEMENT OF FACTS

## A. Current Discovery Timeline and Status

The Court established a 60-day discovery period in this matter, with a cutoff date of December 31,

2025. On December 17, 2025—merely two weeks before the discovery cutoff date—Plaintiff filed

the instant motion seeking an extraordinary 120-day extension of the discovery period. This request

comes after Plaintiff failed to diligently pursue discovery during the original period.

## B. Discovery Completion Status

Discovery in this matter is substantially complete. Defendant has fully responded to all of

Plaintiff's discovery requests, producing all relevant and non-privileged documents and

information within the scope of permissible discovery. Specifically, Defendant has:

1.  Produced documents responsive to Plaintiff's First Request for Production
    on 12/13/2025;

2.  Responded to Plaintiff's Requests for Admission on 12/13/2025;

3.  Produced all relevant third-party information within Defendant's possession, custody, or

2

Opposition to Motion to Modify Discovery Period

1

control.

2

In total, approximately 95% of all discovery has been completed, with only minor items remaining.

3

The outstanding discovery that Plaintiff claims to need relates to third parties over whom

4

Defendant has no control, and much of this information has already been provided to Plaintiff

5

through Defendant's document productions.

6

7

## C. Meet and Confer History

8

9

Defendant has made multiple good faith attempts to meet and confer with Plaintiff regarding

10

discovery issues. Specifically, Defendant sent emails to Plaintiff's counsel on 11/10/25, 11/18/25,

11

11/19/25, 11/21/25, 11/24/25, and 12/13/25. requesting to discuss any outstanding discovery issues

12

and offering to resolve any concerns without court intervention. (See Exhibit A, Emails from

13

Defendant to Plaintiff's Counsel.) Despite these repeated attempts, Plaintiff's counsel largely

14

ignored Defendant's communications and made no reciprocal efforts to meet and confer.

15

16

Plaintiff filed the instant motion without engaging in any meaningful meet and confer process as

17

required by California Code of Civil Procedure § 2016.040. Plaintiff's motion contains no

18

declaration detailing any meet and confer efforts, because no such efforts were made.

19

## D. Pattern of Harassment and Abuse

20

21

Plaintiff has engaged in a pattern of harassment and abuse toward Defendant throughout this

22

litigation. This includes online harassment via Plaintiff's YouTube channel, which contains prison

23

threats and AI-generated videos featuring Defendant's face and voice stating false information. One

24

such video shows an AI-generated image of Defendant in front of a prison bus. Plaintiff has also

25

demonstrated abusive behavior toward Defendant's family members and has engaged in conduct

26

that Defendant has reported to the FBI and IC3 as potential extortion.

27

28

3
Opposition to Motion to Modify Discovery Period

## E. Third-Party Discovery at Issue

Plaintiff claims they need additional time to obtain discovery from the following third parties:

1.    **Google, LLC**

2.    **Force Media, LLC**

3.    **Kevin Martin**

4.    **Carolyn Martin**

5.    **David Martin**

6.    **Bitcoin Depot Operating, LLC**

7.    **Coinbase, Inc.**

8.    **Cryptobase, LLC**

9.    **LSGT Services, LLC**

10.   **YouTube, LLC**

However, all relevant information related to these entities that is within Defendant's possession, custody, or control has already been provided to Plaintiff. The additional discovery Plaintiff seeks constitutes an obvious fishing expedition with no connection to the matters at issue in this case.

## III. LEGAL ARGUMENT

## A. Plaintiff Lacks Good Cause Required Under California Law

California Code of Civil Procedure § 2024.020 establishes the timeline for completion of discovery, and any modification of these deadlines requires a showing of good cause. Plaintiff bears the burden of demonstrating good cause for the requested extension but has failed to meet this burden.

Good cause requires a showing of diligence and that the need for additional discovery could not

1  have been anticipated earlier in the discovery period. Greyhound Corp. v. Superior Court,

2  California Supreme Court, 1961. Plaintiff has failed to demonstrate either element.

3  First, Plaintiff has not been diligent in pursuing discovery during the original 60-day period.

4  Plaintiff waited until the last minute to request this extension, despite having ample opportunity to

5  conduct discovery earlier. This lack of diligence alone is sufficient grounds to deny the motion.

6  

7  Second, Plaintiff has not shown that the requested discovery is relevant to the claims or defenses in

8  this case. The third parties from whom Plaintiff seeks discovery have minimal, if any, connection

9  to the issues in dispute. Plaintiff's motion is based on speculation rather than concrete facts

10  demonstrating the necessity of this discovery. The same speculation they are seeking here was

11  already decided in a Texas state court where Plaintiffs lost in appeal due to lack of evidence. It is

12  no different here other than harassment, attempts at duplicate litigation, and requesting documents

13  already in their possession. The core issue is if the debt is dischargable or not – and not to further

14  harass and abuse defendants job and source of income post discharge of June 3, 2025 where

15  defendant has been fully transparent to Plaintiffs through and through. Plaintiffs are simply

16  ignoring the trustee's findings and adding their own abusive allegations.

17  

18  Third, Plaintiff's delay in seeking discovery was caused by their own strategic choices and poor

19  case management. Plaintiff should not be rewarded for this lack of diligence by receiving an

20  extraordinary 120-day extension.

21  

22  **B. Plaintiff Failed to Meet and Confer in Good Faith**

23  

24  California Code of Civil Procedure § 2016.040 requires parties to meet and confer in good faith

25  before filing discovery motions. This requirement is not a mere formality but a substantive

26  obligation designed to resolve discovery disputes without court intervention.

27  

28  Plaintiff failed to engage in any meaningful meet and confer process before filing this motion.

1
2
Despite Defendant's multiple attempts to initiate discussions regarding discovery issues (see Exhibit A), Plaintiff's counsel ignored these communications and proceeded directly to filing this
3 motion.

4
5
The meet and confer requirement demands a "reasonable and good faith attempt at informal
6 resolution of each issue presented by the motion." Townsend v. Superior Court, California Court of
7 Appeal, 1998. Plaintiff made no such attempt here. This failure alone provides sufficient grounds
8 for denying Plaintiff's motion.

9
**C. Discovery Extension Would Cause Substantial Prejudice to Defendant**
10
11 Granting Plaintiff's requested 120-day extension would cause substantial prejudice to Defendant.

12 California Code of Civil Procedure § 2023.010 identifies misuses of the discovery process,

13 including using discovery methods to harass or cause undue burden or expense.

14
15
The requested extension would allow Plaintiff to continue a pattern of harassment and abuse that
16 has characterized their approach to this litigation. This includes their continued threat to defendants
17 job and reputation. Plaintiffs have unclean hands on record in this case already by filing fraudulent
18 original petitions where they purposely deceived this court the facts of the judgments and the
19 position of the 2016 judgment in appeal. As detailed above, Plaintiff has already engaged in online
20 harassment via their YouTube channel, including prison threats and AI-generated videos containing
21 false information about Defendant. https://www.youtube.com/@brianmartinlawsuitarchive
22
23 Plaintiff has demonstrated abusive behavior toward Defendant's family members. (EXHIBIT B)

24 Moreover, the requested discovery constitutes an improper fishing expedition. Plaintiff has not
25 articulated any specific, relevant information they expect to obtain from the third parties listed in
26 their motion. Instead, Plaintiff appears to be seeking to prolong discovery to increase costs and
27 burden on Defendant and threaten defendants job and reputation. (EXHIBIT C)
28

6
Opposition to Motion to Modify Discovery Period

## D. Current Discovery Period Was Adequate and Discovery is Substantially Complete

The current 60-day discovery period was adequate for the needs of this case, as demonstrated by the fact that Defendant was able to complete all necessary discovery within this timeframe. Approximately 95% of all discovery has been completed, with only minor items remaining. Defendant has fully complied with all discovery obligations, producing all relevant and non-privileged documents and information within the scope of permissible discovery. In contrast, Plaintiff has failed to diligently pursue discovery during the original period and now seeks an extraordinary extension to compensate for their own lack of diligence.

## E. Plaintiff's Motion is Based on Speculation Rather Than Facts

Plaintiff bears the burden of proving that good cause exists for the requested extension. However, Plaintiff's motion is based on speculation rather than concrete facts. Plaintiff has not articulated any specific, relevant information they expect to obtain from the third parties listed in their motion, nor have they explained how this information is necessary to their claims or defenses.

The law requires more than mere speculation to justify a discovery extension. Plaintiff must demonstrate that the requested discovery is likely to lead to the discovery of admissible evidence that is relevant to the claims or defenses in this case. Plaintiff has failed to make this showing.

Any other such information they are seeking from defendants family is already in their possession. The law can not simply expect to compel parties to submit what they do not have. Plaintiffs tried this tactic before and it ended in extreme abuse. Defendant has nothing more to give and defendant gave more than Plaintiffs were requesting including defendants business documents that they were not expecting.

Opposition to Motion to Modify Discovery Period

Defendant is confident that Plaintiffs will not benefit in discovery until the core issue is deposed

upon. The core issue meaning Robert D Wilson, who did fraud on the court in the 2016 judgment,

and Marko Princip who did the actual fraud in the case, along with an excessive jury charge

defendant can prove exists. Speculating anything else is a waste of this court's time and further

complicates trial matters when Plaintiffs are seemingly trying to forum shop a second bite at the

apple in duplication of litigation, which Plaintiffs already asked this court to decide Texas State

matters on a case they lost which is improper to these proceedings.

## IV. ALTERNATIVE RELIEF

If the Court is inclined to grant any extension of the discovery period, Defendant respectfully

requests that such extension be strictly limited in scope and duration. Specifically, Defendant

would be willing to stipulate to the completion of specific, limited discovery items within a 14-day

time-frame, rather than the 120-day extension requested by Plaintiff and Plaintiff's attorney must

communicate and not ignore defendant simply because defendant is stuck representing himself due

to current lack of funding.

This limited extension would allow for the completion of any truly necessary discovery while

preventing the prejudice and abuse that would result from Plaintiff's requested 120-day extension.

## V. REQUEST FOR SANCTIONS

Pursuant to California Code of Civil Procedure § 2023.010 and § 2023.020, Defendant respectfully

requests that the Court impose enhanced sanctions against Plaintiff for their misuse of the

discovery process and failure to meet and confer in good faith.

Plaintiff's conduct constitutes a pattern of discovery abuse and bad faith, as evidenced by:

1.    Plaintiff's failure to diligently pursue discovery during the original period;

2. Plaintiff's failure to meet and confer in good faith before filing this motion;

3. Plaintiff's pattern of harassment and abuse toward Defendant and Defendant's family

members; and

4. Plaintiff's attempt to use discovery as a means of harassment rather than legitimate fact-

finding.

Accordingly, Defendant requests that the Court award monetary sanctions in the amount of

$_____ as the court deems just.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Deny Plaintiff's Motion to Modify Discovery Period in its entirety;

2. In the alternative, limit any extension to specific discovery items to be completed within 14

days;

3. Award enhanced sanctions against Plaintiff in the amount of $_____ and:

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 19, 2025

_____

Brian Martin

Defendant, In Pro Per

Opposition to Motion to Modify Discovery Period

## DECLARATION OF BRIAN MARTIN

I, Brian Martin, declare as follows:

1. I am the Defendant in this action and have personal knowledge of the facts stated herein. If called as a witness, I could and would testify competently to these facts.

2. I have fully complied with all of my discovery obligations in this case, producing all relevant and non-privileged documents and information within the scope of permissible discovery.

3. I have made multiple good faith attempts to meet and confer with Plaintiff's counsel regarding discovery issues, including sending emails on 11/10/25, 11/18/25, 11/19/25, 11/21/25, 11/24/25, and 12/13/25. requesting to discuss any outstanding discovery issues. True and correct copies of these emails are attached as Exhibit A.

4. Plaintiff's counsel has largely ignored my communications and has made no reciprocal efforts to meet and confer.

5. Plaintiff has engaged in a pattern of harassment and abuse toward me throughout this litigation, including online harassment via Plaintiff's YouTube channel, which contains prison threats and AI-generated videos featuring my face and voice stating false information. https://www.youtube.com/@brianmartinlawsuitarchive

6. Plaintiff has also demonstrated abusive behavior toward my family members and has engaged in conduct that I have reported to the FBI and IC3 as potential extortion.

7. All relevant information related to the third parties listed in Plaintiff's motion that is within my possession, custody, or control has already been provided to Plaintiff.

8. The additional discovery Plaintiff seeks constitutes an obvious fishing expedition with no connection to the matters at issue in this case. Defendant is losing temper over the constant abuse and false allegations of Plaintiff which are heavy violations of the law.

9. Plaintiffs are using vexatious litigation and abusive discovery tactics to try and silence me by

Opposition to Motion to Modify Discovery Period

making false allegations that they hope lead to contempt hearings as Plaintiffs are aware that I

have a valid defense and I can win the adversary by proving there was never any fraud from

my side.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true

and correct.

Executed on December 19, 2025, at CORONA, California.

BRIAN MARTIN

Opposition to Motion to Modify Discovery Period

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing opposition motion to modify Discovery Period was served upon the following parties by the method indicated below on [12/19/2025]:

**MARK S. ROSEN**
Attorney at Law
27281 Las Ramblas, Ste. 200
Mission Viejo, California 92691
Tel:  (714) 285-9838 _____   _____
email: MarkSRosen@aol.com; markrosen@markrosenlaw.com

☐ By hand delivery

☐ By United States mail, postage prepaid

☐ By overnight delivery service

☐ By facsimile transmission

☒ By electronic mail

☒ By electronic filing through the Court's CM/ECF system

**Dated:** __DECEMBER 19__ , [2025]

**BRIAN D. MARTIN**

Defendant in Pro Per

By: _____

BRIAN D. MARTIN

Opposition to Motion to Modify Discovery Period

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
941 Cimarron Lane, Corona, CA 92879


A true and correct copy of the foregoing document entitled (*specify*): _____
 DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY DISCOVERY PERIOD - December 19, 2025
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/19/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
   trustee.bui@shulmanbastian.com, C115@ecfcbis.com
   marksrosen@aol.com, pattielegalasst@aol.com, ustpregion16.rs.eft@usdoj.gov, xbrianmartinx@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _12/19/2025_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Magdalena Reyes Bordeaux
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside. CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/19/2025 | Holly Martin | *Signature* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

2   17/12/2025, 17:30                                    Gmail - Re: Brandon harassmemt and stalking

3    Gmail                                    M <xbrianmartinx@gmail.com>

4

5   ## Re: Brandon harassmemt and stalking
    1 message

6   **M <xbrianmartinx@gmail.com>**                              Mon, Nov 10, 2025 at 12:10 PM
    To: Mark Rosen <marksrosen@aol.com>

7   Mr Rosen,

8   It was an absolute pleasure speaking with you today. I thank you for your time, and from now on you will see a more
    patient email from me regarding anything. I believe this call was just what was needed. Regardless, I am sending you
    attachments of extortion from Brandon Keating. Brandon Keating is aware and has always been aware that I can teach or
9   manage people to make revenue on YouTube and any other social media source. My brother Kevin being one of those I
    taught which is what Brandon really wants me to do for him. With that said I will not reach out to Brandon via anything if
    you are accessible that would be preferred.
10
    Below is a link to where you may view the video. You'd have to watch the whole thing. Brandon recorded this and
11  published it to his Youtube channel. Keep in mind Kevin just started learning about YouTube business and Brandon
    Keating knew this and took full advantage of Kevin while Kevin was drunk in this call and even Brandon acknowledged
    Kevin was intoxicated and didn't know if the chat was a good idea. Now, because of Kevin's worsening alcholism I took it
12  upon myself to distance myself from him and Kevin does not really want to do anything anymore because of your client's
    treatment and harassment of him and the family.

13
    
14

15  Regarding Settlement - I do not have 1.3 Million lying around however Brandon mentioned the money can be paid down
    over time if they get 25% of any business revenue I have. I felt that was fair to talk down the 18 Million total despite them
    only wanting 1 Million back in 2016 in a lawsuit I had no idea existed in its full capacity until 1 week before that trial. I
16  recorded a call with Marko, it is 7 minutes the link is below. Marko could be subpoenaed. We can set up joint depositions
    with Marko Princip and Robert Wilson. Robert Wilson's sworn witness statement confirms fraud on the court for the 2016
    case which is in appeal in the 5th circuit. Strong evidence.
17
    
18

19  Below is a video of Brandon using my face in AI in a prison jumpsuit however his voice is clearly shown and he does
    admit that the jury charge was excessive and without a fraud finding. "Being really bad in court". There are a number of
20  holes in these judgments and cases (one reversed because non proven damages) so we can assume Brandon Keating's
    party can be vexatious, etc.

21
    
22
    If you need anything from me Mr. Rosen, I am 100% willing and able to assist during our discovery period. (I would prefer
23  settlement as I am working and building my life back up and am well capable of it)
    Thanks again for the call and your patience.

24  Kind regards
    Brian Martin
25

26  On Mon, Nov 10, 2025 at 10:27 AM M <xbrianmartinx@gmail.com> wrote:

27  https://mail.google.com/mail/u/0/?ik=51c54edb2d&view=pt&search=all&permthid=thread-a:r-731920108704064072577Cmsg-a:r-4814521540435372...   1/2

28
                                          14
                          Opposition to Motion to Modify Discovery Period

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17/12/2025, 17:29                                              Gmail - BRIAN MARTIN - Our call Nov 18, 2025

**M** Gmail                                              M <xbrianmartinx@gmail.com>

**BRIAN MARTIN - Our call Nov 18, 2025**
1 message

**M** <xbrianmartinx@gmail.com>                                    Tue, Nov 18, 2025 at 1:39 PM
To: Mark Rosen <marksrosen@aol.com>

Mr Rosen,

Thank you for the call, I did not want to take too much of your time on this. I wanted to save this portion for email. The
motion for clarification is necessary not just for the appeals that should continue but also because ever since June 2025 -
I have been taking steps weeks and months to prepare to create my own business/LLC and job. As a 41 year old man
who must have income and not really going to do any other jobs I decided to step out of the commission shoes and
acquire business and start building up.

As I previously stated, Kevin Martin is not interested in pursuing his business anymore because of Brandon Keating's
attacks. Holly, my wife, in the same boat. I on the other hand will not quit my job or my determination to build myself up
after the discharge. Therefore purchases have been made to build business. Because of the discharge, it's offered me a
chance to start taking steps on a fresh start - hence the need for clarification.

I will also await the settlement information email.

If you need anything, please let me know. Thanks again for your time.

Kind regards
Brian Martin

15
Opposition to Motion to Modify Discovery Period

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17/12/2025, 17:28                               Gmail - MOTION FOR PROTECTIVE ORDER DRAFT

**M** Gmail                             M <xbrianmartinx@gmail.com>

## MOTION FOR PROTECTIVE ORDER DRAFT
1 message

**M** <xbrianmartinx@gmail.com>                   Wed, Nov 19, 2025 at 4:00 PM
To: Pattie Limon <pattielegalasst@aol.com>, Mark Rosen <marksrosen@aol.com>

Mr Rosen,

Please review the motion for Protective order draft. These are without exhibits but I will add these upon filing this motion. I am emailing to meet and confer about this so we can avoid unnecessary court time. I plan to file this with the court on Friday by the end of the day. Please take note that we must confer before I file. Your client's admissions requests and document requests are not proper. I can say 95% of that will not be answered because it has already been produced and answered in DC-20-09893

The Exhibits for my motion will be :

a video of Brandon Keating extorting Kevin Martin knowing that Kevin Martin owns his own business and created his own channel.
an email screenshot of Plaintiffs counsel Dan Wyde calling me a coward and a pussy during the DC-20-09893 case.
A copy of the latest joint status report where you stated 'motions to compel' which was before discovery. I take that as a serious threat, btw.
A video clip Brandon Keating made of me using unauthorized AI video of my face and voice stating untrue facts about Bankruptcy fraud.

I will remain aggressive until your clients stop harassing me at the workplace as they harassed Kevin and my wife who let me remind everyone we all have a right to do what we want on YouTube and its a dynamic website to work on so there is no such thing as a legal conclusion in terms of what accusations your clients continue to insinuate.

Please let me know a convenient day and time we can discuss this, if I do not hear back I will file the Motion for Protective Order.

Thank you,

Kind regards
Brian Martin

---

📄 **Motion for Protective Order-BRIAN MARTIN.pdf**
197K

16
Opposition to Motion to Modify Discovery Period

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 Gmail

M <xbrianmartinx@gmail.com>

**Brian Martin Request for Admissions and Documents SUBMISSIONS**
1 message

M <xbrianmartinx@gmail.com>                                    Sat, Dec 13, 2025 at 1:12 PM
To: Mark Rosen <marksrosen@aol.com>, markrosen@markrosenlaw.com, Pattie Limon <pattielegalasst@aol.com>

Mr Rosen,

Attached is the ZIP file that will lead you to all the requested Documents and the Admissions Request. Please email me a receipt that you received these attachments.

Furthermore, there are declarations attached. I suggest your clients take warning that if they interfere with my job, my company, and my company's channel, I will sue them. Should anything happen to Future Media, LLC and its existing YouTube channel that was acquired legally I promise hell on Earth to your clients. I will report everything to the Nevada Attorney General. It is against the law to even interfere in such a way directly toward a Nevada LLC.I will report FDCPA violations to the **Consumer Financial Protection Bureau (CFPB)**, the **Federal Trade Commission (FTC)**, your **State Attorney General**, or a **consumer protection attorney**

The focus of this case is not my job. I have been working on YouTube for 15 years as a manager, artist, editor, etc. That is my job - it will not be mocked with a fake badge of fraud on it. I will sue EVERYONE who threatens my job security anymore and continues to harm my reputation and the reputation of others on theYouTube platform. My company bought a YouTube channel fair and square and at this current time I am doing everything to make it successful. PERIOD. If anyone doesn't belong on YouTube, it is your clients - and I will do what it takes to expose their fraud.

Fidelissimus, LLC information is below. I am going to require proof that this company was actually a listed company collector as there is still no such proof that this company had judgments transferred to it.
https://www.bizapedia.com/tx/fidelissimus-llc.html
In any case, if they did not, then this would be fraud and I, my wife, and anyone this company attacked will sue Brandon Keating, John-Paul Keating, and Malachi Keating for these false representations.

Regarding settlement, I have emails that Brandon offered 1.3 Million and said he can "GET" everyone on board with it. Your offer for 6 Million is soundly rejected. There is enough evidence to show that this case will go down to zero as I have all the evidence for summary judgment to prove your clients frauds and the vexatious litigation acquiring judgments which were obtained by fraud. Even further I will prove to the court Robert Wilson, an attorney who pretended to be my lawyer, is the forefront of the fraud that initiated all of this and I will make sure every single debt from the 2016 judgment is terminated along with the collection cases down to zero. Not to mention Marko Princip was discharged for the same debt - your clients obviously think they can harass and attack me and not the one who actually frauded them (Marko Princip) in the first place. All I did was run a YouTube channel for Marko under a promised payment and that is NOT ILLEGAL. I will do everything to make your clients pay for what they have done if these cases do not stop.

For this 6 Million dollar insulting offer, and you ignoring my counter offer - The price went down to $250,000 and as I discussed it will be paid "OVER TIME". I suggest your clients take it before they end up with civil and criminal charges for the fraud they have done. If your clients think I am bluffing, just wait until the attorney general's review the documents.

If there is anything you think is missing in my documents, please let me know. Everything you requested is attached. If I see your clients openly harass me or my family on their social media things will certainly get ugly. I suggest quick settlement, end this asap and everyone needs to move on with their lives. I am not in prison, I have been trying to WORK and earn a living for YEARS and so has everyone I have worked with or FOR. Your clients will NOT INTERFERE AGAIN

PLEASE GUIDE YOUR CLIENTS APPROPRIATELY OR THEY WILL HAVE CONSEQUENCES FURTHER THAN WHAT IS ALREADY COMING THEIR WAY

Regards
Brian Martin

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT B

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Opposition to Motion to Modify Discovery Period

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Futuristichub Lawsuit & Trial Archive

@brianmartinlawsuitarchive · 436 subscribers · 46 videos

This channel is an archive of a case surrounding the 2016 landmark $20 Million Dollar law ...**more**

**Subscribe**

Home    Videos    Playlists    Posts    🔍

## Videos



**Futuristichub doesn't know what Court means.**
1.6K views · 6 months ago

Who's a Minecraft Pr*dator?
3.5K views · 1 year ago



Futuristichub, Tommy C, WackyTV, and Brandon...
2.7K views · 1 year ago



Futuristichub Calls Turkey Tom
1.6K views · 1 year ago



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

Opposition to Motion to Modify Discovery Period

Yes, YouTube is widely considered a real job, especially when it generates significant income, requiring skills in content creation, marketing, editing, and business management, but it's often more like being a self-employed entrepreneur or small business owner than traditional employment due to income variability and responsibility for all aspects. Many creators treat it as a full-time career, managing production, analytics, and brand deals, and earning taxable income just like any other profession. 🔗

## Why it's a job:

- **Income & Taxes**: Earnings from ads, sponsorships, and memberships are taxable, and the IRS often treats creators as self-employed individuals.

- **Business Skills:** It involves numerous roles: videographer, writer, editor, marketer, salesperson, and business manager, requiring significant effort and skill.

- **Full-time Commitment:** Successful YouTubers dedicate substantial hours, managing a complex operation similar to a media company, with some even leaving traditional jobs for it. 🔗

## Why it's different from traditional jobs:

- **Self-Employment:** Creators are independent contractors, responsible for their own taxes, expenses, and benefits, unlike salaried employees.

- **Income Instability:** Earnings can fluctuate wildly, and platforms can change policies, making it less secure than traditional roles.

- **Entrepreneurial Hustle:** It requires constant self-promotion, audience engagement, and adaptability to algorithm changes, blending creative work with business ownership. 🔗



**Brandon**
@BrandonTalks

And honestly if Only he would tell me what panels he uses and his method for deploying his strategy, that would make me completely walk away. It's like he rather me continue suing him for money instead of teaching me how to make money to where I wouldn't even need him. It's crazy

10:52 AM · Nov 10, 2025 · **39** Views

Opposition to Motion to Modify Discovery Period