| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MARK S. ROSEN (S.B.N. 72431)<br>Attorney at Law<br>27281 Las Ramblas, Ste. 200<br>Mission Viejo, California 92691<br>Tel: (714) 285-9838<br>marksrosen@aol.com<br><br>VAN T. TRAN (S.B.N. 174264)<br>Attorney at Law<br>1502 N. Broadway<br>Santa Ana, California 92701<br>Tel: (949) 260-8404; tranesq@aol.com<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: David Moss, Fidelissimus LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>In Re BRIAN DENNIS MARTIN | CASE NO.: Adversary No.6:25-ap-01055-RB |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION FOR:**<br><br>EMERGENCY MOTION FOR COMFORT ORDER OR, IN THE ALTERNATIVE, TO MODIFY THE DISCHARGE INJUNCTION FOR THE LIMITED PURPOSE OF JUDGMENT PRESERVATION<br><br>**(Specify name of Motion)** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM: 303<br>PLACE: 3420 12th Ave., Riverside CA |

1. TO (*specify name*): ALL INTERESTED PARTIES

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012 | Page 1 | **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  04/15/2026

Attorney at Law
Printed name of law firm

Signature

MARK S. ROSEN
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

27281 Las Ramblas, Ste 200, Mission Viejo CA 92691

A true and correct copy of the foregoing document entitled (*specify*): ORDER GRANTING EMERGENCY
MOTION FOR COMFORT ORDER OR, IN THE ALTERNATIVE, TO MODIFY THE DISCHARGE
INJUNCTION FOR THE LIMITED PURPOSE OF JUDGMENT PRESERVATION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/15/2026         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Lynda T. Bui (TR), trustee.bui@shulmanbastian.com, Paul Y Lee, court@leelawyer.com, United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov; Brian Dennis Martin, xbrianmartinx@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   04/15/2026        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Brian Dennis Martin, 941 Cimarron Lane, Corona CA 92879

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/15/2026 | PATTIE LIMON | *Pattie Limon* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

MARK S. ROSEN (S.B.N. 72431)
Attorney at Law
27281 Las Ramblas, Ste. 200
Mission Viejo, California 92691
Tel:  (714) 285-9838
marksrosen@aol.com

VAN T. TRAN (S.B.N. 174264)
Attorney at Law
1502 N. Broadway
Santa Ana, California 92701
Tel: (949) 260-8404
Fax: (714) 998-4663
tranesq@aol.com

Attorneys for Plaintiff DAVID TYLER MOSS and FIDELISSIMUS, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION**

| | |
|---|---|
| In Re BRIAN DENNIS MARTIN<br><br>Debtor,<br>_____<br><br>DAVID TYLER MOSS and FIDELISSIMUS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN DENNIS MARTIN,<br><br>Defendant.<br>_____ | Chapter 7<br><br>Case No. 6:25-bk-10944-MH<br>Adversary No.6:25-ap-01055-RB<br><br>**EMERGENCY MOTION FOR COMFORT ORDER OR, IN THE ALTERNATIVE, TO MODIFY THE DISCHARGE INJUNCTION FOR THE LIMITED PURPOSE OF JUDGMENT PRESERVATION.** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

-1-

## INTRODUCTION

David Tyler Moss and Fidelissimus, LLC., (collectively, "Judgment Creditors" or "Movants") respectfully submit this Emergency Motion for Relief from the Discharge injunction under 11 U.S.C. § 524(d)(1). 11 USCS § 362 This motion is brought on an urgent, emergency basis due to an imminent and irreversible deadline occurring today, April 15, 2026-exactly ten years from the date a final federal court judgment was entered against the Debtor, Brian Martin.

The Judgment Creditors seek relief from the discharge injunction solely for the limited, administrative purpose of obtaining and serving a Writ of Execution on the Debtor to preserve and renew their valid, final federal court judgment in the amount of $18,600,000.00 (excluding pre-judgment interest and post-judgment interest). The Judgment Creditors do not seek to seize assets, liquidate property, or otherwise interfere with the bankruptcy estate or the Debtor's fresh start. Rather, they seek only to preserve a pre-petition judgment right that will be permanently lost if the Writ of Execution is not served today.

This motion is brought out of an abundance of caution. While the Judgment Creditors believe that the requirement to serve the Writ should be tolled under 11 U.S.C. § 108(c) by virtue of the Debtor's bankruptcy filing, the Judgment Creditors cannot risk the loss of an eight-figure judgment based on future interpretations of tolling provisions or potential waiver arguments. The temporal urgency is absolute: the deadline is today, and it cannot be extended, deferred, or renewed once it passes.

The Judgment Creditors respectfully request that this Court grant relief from the discharge injunction to permit them to obtain and serve the Writ of Execution, thereby preserving their judgment rights and preventing the irreversible loss of a substantial pre-petition creditor claim.

–2–

# I. FACTUAL BACKGROUND

## A. The Underlying Federal Court Judgment

1. On April 15, 2016, the United States District Court for the Northern District of Texas, Dallas Division, entered a final judgment in the case captioned David Tyler Moss and Brandon Keating v. Marko Princip, and Brian Martin, Case No. 3:14-CV-03088-BF.

2. The judgment was entered against the Debtor, Brian Martin, jointly and severally with co-defendant Marko Princip, in the following amounts:

   1. for Plaintiff David Tyler Moss: $2,100,000.00 in actual damages (joint and several liability) plus $7,200,000.00 in exemplary damages against Brian Martin specifically, for a total of $9,300,000.00.

   2. for Plaintiff Brandon Keating: $2,100,000.00 in actual damages (joint and several liability) plus $7,200,000.00 in exemplary damages against Brian Martin specifically, for a total of $9,300,000.00. Note: Brandon Keating transferred his rights under the 2016 federal court judgment to Fidelissimus, LLC on November 20, 2019.

   3. Total Judgment Amount: $18,600,000.00 (excluding pre-judgment interest and post-judgment interest).

3. The judgment is valid, final, and enforceable. It has not been reversed, modified, or stayed by any appellate court. The Debtor has not sought or obtained relief from the judgment through any post-judgment motion or appeal.

4. The judgment represents a vested property right of the Judgment Creditors that exists independent of the Debtor's bankruptcy estate and predates the Debtor's bankruptcy filing.

– 3 –

**B. The Ten-Year Judgment Renewal Deadline**

5. Under applicable federal law, a final judgment remains enforceable for a period of ten years from the date of entry. 28 USCS § 1963 To renew a judgment beyond the initial ten-year period and maintain its enforceability, the judgment creditor must obtain and serve a Writ of Execution on the judgment debtor within the ten-year period.

6. The ten-year period for the judgment expires today, April 15, 2026-exactly ten years after the judgment was entered on April 15, 2016.

7. If the Judgment Creditors fail to obtain and serve the Writ of Execution on or before today, April 15, 2026, the judgment will expire and become unenforceable. The Judgment Creditors will lose all rights to pursue execution remedies against the Debtor, and the eight-figure judgment will be rendered worthless.

8. The requirement to serve the Writ of Execution is mandatory and not subject to extension. Once the ten-year period expires, the judgment cannot be renewed, and no subsequent motion or petition can restore the Judgment Creditors' enforcement rights.

**C. The Debtor's Bankruptcy Filing and the Discharge injunction**

9. The Debtor, Brian Martin, filed a bankruptcy petition in this Court, triggering the discharge injunction under 11 U.S.C. § 524(a). 11 USCS § 362 The discharge injunction prohibits the Judgment Creditors from taking any action to collect on the judgment, including obtaining and serving the Writ of Execution, without relief from this Court.

10. The Debtor's bankruptcy filing occurred on January 21, 2025 which is 449 days before the ten-year judgment renewal deadline of April 15, 2026.

11. The discharge injunction has created an impossible situation for the Judgment Creditors: they cannot preserve their pre-petition judgment right without violating the discharge injunction, yet

–4–

they face the permanent loss of their judgment if they cannot obtain relief from the stay before today's deadline.

**D. The Limited Scope of Relief Sought**

12. The Judgment Creditors seek relief from the discharge injunction solely for the limited, administrative purpose of obtaining and serving a Writ of Execution on the Debtor. The Judgment Creditors do not seek to:

1. Seize or liquidate any assets of the Debtor.

2. Interfere with the bankruptcy estate or the administration of the Debtor's bankruptcy case.

3. Bypass the bankruptcy process or circumvent the Debtor's right to a fresh start.

4. Conduct any collection activities beyond the service of the Writ of Execution.

5. Execute on the judgment or levy on any property without further relief from this Court.

13. Serving a Writ of Execution is a purely administrative action that preserves the Judgment Creditors' legal right to pursue execution remedies in the future, subject to all applicable law, including the discharge injunction as it applies to post-service collection activities, any discharge injunction under 11 U.S.C. § 524, and any applicable exemptions or protections afforded to the Debtor.

14. The service of the Writ of Execution does not result in asset seizure or interference with the bankruptcy estate. It is a procedural step that preserves the judgment and allows the Judgment Creditors to pursue execution remedies in the future, if appropriate and if permitted by applicable law.

## II. SUMMARY OF ARGUMENT

The Judgment Creditors respectfully request that this Court grant relief from the discharge injunction under 11 U.S.C. § 524(d)(1) for the limited purpose of permitting the Judgment Creditors to obtain and serve a Writ of Execution to preserve their $18,600,000.00 federal court judgment before it expires today.

First, cause exists under § 362(d)(1) because the Judgment Creditors face the imminent and irreversible loss of their pre-petition judgment rights. The discharge injunction should not operate to extinguish a valid federal court judgment through the mere passage of time. The relief sought is narrowly tailored to a purely administrative action-serving a writ-that does not involve collection, asset seizure, or interference with the bankruptcy estate. The temporal urgency is absolute: the ten-year renewal deadline expires today and cannot be extended.

Second, the requested relief will not prejudice the estate, the trustee, other Judgment Creditors, or the Debtor's fresh start. Serving a writ is procedurally distinct from executing on a writ. The Judgment Creditors seek only to preserve their judgment, not to collect on it. Any future enforcement remains subject to this Court's authority, the discharge injunction, and all applicable bankruptcy protections. The Judgment Creditors propose limiting conditions to ensure the relief does not interfere with the bankruptcy process.

Third, while 11 U.S.C. § 108(c) likely tolls the judgment renewal deadline, the Judgment Creditors bring this motion out of an abundance of caution to eliminate any risk of losing their judgment through operation of law or future waiver arguments. Granting limited stay relief today serves judicial economy by preventing satellite litigation regarding the scope and application of § 108(c) tolling in multiple forums.

### III. ARGUMENT

**A. Cause Exists Under § 362(d)(1) Because Immediate, Limited Relief Is Necessary to Prevent Irreparable Loss of the Judgment Creditors' Judgment Rights**

**1. The Legal Framework: "Cause" Is Determined on a Case-by-Case Basis and the Court Has Broad Discretion to Craft Appropriate Relief**

Section 362(d)(1) provides that a bankruptcy court may grant relief from the discharge injunction for cause. 11 USCS § 362 Cause has no clear definition and is determined on a case-by-case basis. Benedor Corp. v. Conejo Enters. (In re Conejo Enters.), 96 F.3d 346. The bankruptcy court possesses wide latitude in crafting relief from the discharge injunction, including the power to grant narrowly tailored relief that addresses specific circumstances.

This flexible, case-by-case approach reflects the fundamental principle that the discharge injunction, while vital to bankruptcy protection, should not operate as an instrument to forfeit substantive legal rights through the mere passage of time. The stay is designed to preserve the debtor's assets and facilitate reorganization, not to extinguish Judgment Creditors' pre-petition judgment rights by operation of law. In re Mac Donald, 755 F.2d 715.

The Bankruptcy Code recognizes that certain circumstances require the court to respond to other interests and permits a flexible approach to the stay as circumstances may require. Groshong v. Sapp (In re MILA, Inc.), 423 B.R. 537. Section 362(d) authorizes relief including but not limited to the types of relief listed therein, such as terminating, conditioning, or limiting the stay. In re Vazquez, 580 B.R. 526. The terms includes and including are not limiting.

**2. The Temporal Emergency: Today's Judgment Expiration Deadline Constitutes Cause**

The Judgment Creditors face an irreparable and imminent loss of their substantive judgment rights. The Judgment Creditors hold a final federal judgment entered on April 15, 2016, in the amount

–7–

of $18,600,000.00. Under applicable law, this judgment must be renewed or preserved by today-April 15, 2026-exactly ten years after entry. Without relief from the discharge injunction, the Judgment Creditors will be permanently barred from renewing or preserving their judgment, resulting in the complete loss of an eight-figure creditor right.

This temporal emergency is not a matter of the Judgment Creditors' poor planning or lack of diligence. The fact that the deadline falls today underscores the emergency nature of this request. The loss of judgment renewal rights through the operation of the discharge injunction would constitute an extraordinary forfeiture of substantive rights. The stay should not operate to strip the Judgment Creditors of their ability to preserve a judgment that was lawfully obtained in federal court. This circumstance-where the discharge injunction would, absent relief, cause the permanent loss of a pre-petition creditor right-constitutes cause within the meaning of § 362(d)(1).

Bankruptcy courts have broad discretion in granting relief from stay for cause under § 362(d), including granting relief from stay to enforce a pre-petition judgment. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100 Ho v. Bank of Am. N.A. (In re Ho), 2011 Bankr. LEXIS 4316.

**3. The Relief Sought Is Narrowly Tailored and Will Not Interfere with the Bankruptcy Estate or the Debtor's Fresh Start**

The Judgment Creditors do not seek to advance collection efforts or to levy upon the Debtor's assets. Instead, the Judgment Creditors seek only the limited relief necessary to obtain and serve a Writ of Execution on the Debtor. This action will preserve and renew the judgment, maintaining the status quo of the Judgment Creditors' pre-petition creditor rights without disturbing the bankruptcy estate or interfering with the Debtor's reorganization.

A critical distinction exists between serving a writ of execution as a procedural step to preserve and renew judgment rights, and executing or levying upon that writ to collect assets from the debtor or the estate. The Judgment Creditors seek only the former. If the stay has been lifted, a creditor may

proceed to enforce collection by a writ of execution. Temecula v. LPM Corp. (In re LPM Corp.), 300 F.3d 1134. However, the Judgment Creditors do not seek to enforce collection at this time. They seek only to obtain and serve the writ-a procedural step that preserves the judgment and prevents its expiration.

Serving a writ is an administrative act that does not transfer property, does not create collection pressure on estate assets, and does not interfere with the debtor's possession or use of property. It is a preservation mechanism, not a collection mechanism. The narrowly tailored nature of this relief demonstrates that granting it will not undermine the purposes of the discharge injunction.

The requested relief will not interfere with estate administration. The Judgment Creditors expressly do not seek to levy, garnish, seize, or otherwise transfer any property of the estate. Serving a writ of execution does not transfer property; it merely notifies the debtor and preserves the creditor's right to seek execution in the future. The estate's assets remain under the trustee's control and administration. The trustee and other Judgment Creditors are not prejudiced by the preservation of the Judgment Creditors' judgment rights. Preservation of a judgment does not diminish the estate's assets or alter the distribution scheme.

The Debtor's fresh start is not impaired by the requested relief. Service of a writ of execution alone does not constitute collection activity that would defeat the debtor's discharge. A bankruptcy discharge order operates as an injunction that bars Judgment Creditors from collecting any debts that have been discharged. In re Taggart, 980 F.3d 1340. However, the discharge does not prevent Judgment Creditors from taking procedural steps to preserve their rights. The Debtor's fresh start is protected by the discharge injunction, which will bar any post-discharge enforcement to the extent applicable. 11 USCS § 524.

The discharge operates as an injunction against in personam actions but pre-petition liens survive and remain enforceable in rem unless they are avoidable under the Code. Eady v. Bankr. Receivables

–9–

Mgmt. (In re Eady), 2008 Bankr. LEXIS 4696. To the extent that any enforcement of the judgment occurs after the Debtor's discharge, such enforcement would be subject to the discharge injunction. Any further enforcement of the judgment would require an additional court order and would be subject to the discharge injunction and all other bankruptcy protections.

**B. Section 108(c) Supports Relief, and the Judgment Creditors Seek Permission to Act Today Out of an Abundance of Caution**

### 1. Section 108(c) Likely Extends the Judgment Renewal Deadline

Congress significantly broadened the scope of the bankruptcy code's tolling provision by enacting § 108(c), which addresses not only the commencement of actions but also their continuation. Daff v. Good (In re Swintek), 906 F.3d 1100 Because a judgment lien enforcement action-including the execution of a judgment through a Writ of Execution-is supplemental to the original action that gave rise to the judgment, such execution constitutes part of a continuing action against the debtor. Daff v. Good (In re Swintek), 906 F.3d 1100

Section 108(c) provides that if applicable non-bankruptcy law fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, and such period has not expired before the filing of the petition, then such period does not expire until the later of the end of such period or 30 days after notice of the termination or expiration of the stay. 11 USCS § 108 The provisions of § 108(c) extend the statute of limitations for Judgment Creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy court due to the discharge injunction provisions of § 362. In re Brickley, 70 B.R. 113.

Both the Ninth Circuit and California courts have held that § 108(c) tolls the expiration of a judgment. People's Bail Bonds v. Dobos (In re Dobos), 830 Fed. Appx. 928. Under § 108(c), the limitations period does not expire until 30 days after the end of the discharge injunction, including with

respect to ten-year duration periods to renew judgment liens. Good v. Daff (In re Swintek), 543 B.R. 303.

Accordingly, § 108(c) should extend the time period within which the Judgment Creditors may continue their enforcement action against the Debtor's property. The statutory deadline for continuing the enforcement action should be extended to account for the period during which the stay prevented such action.

**2. The Belt-and-Suspenders Approach: Limited Stay Relief Serves Judicial Economy and Prevents Satellite Litigation**

Although § 108(c) likely extends the applicable deadline, the Judgment Creditors cannot safely rely on tolling alone for several reasons. Questions may arise regarding whether the renewal or preservation of a judgment through execution falls squarely within the statute's protection for continuing actions, or whether it is subject to different treatment. Disputes may emerge about precisely when the extension period begins and ends, particularly if the stay is lifted at different times or if the bankruptcy case is dismissed or converted. A creditor or trustee might later argue that the Judgment Creditors waived their rights under § 108(c) by failing to act within the original deadline, or that the extension has expired due to intervening events.

Granting a narrow order permitting the Judgment Creditors to serve the Writ of Execution today eliminates the risk of collateral disputes that could arise in multiple forums. In bankruptcy court, the trustee or debtor might challenge whether § 108(c) tolling applies, when it expires, or whether the Judgment Creditors' later attempt to enforce the judgment violates the stay or constitutes an improper post-petition action. When the Judgment Creditors seek to enforce the judgment in state or federal court, the judgment debtor could raise defenses based on alleged waiver, expiration of tolling, or the argument that the judgment is stale or unenforceable.

–11–

Judicial economy is a factor to be considered by bankruptcy courts when deciding stay relief issues. Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.), 311 B.R. 551. Congress has observed that the interests of judicial economy and the expeditious and economical determination of litigation for the parties is a fundamental basis for granting stay relief, and that it will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result. Rico Corp. v. Arundotech, LLC (In re Arundotech, LLC), 2009 Bankr. LEXIS 1705.

A clear order from this Court today eliminates ambiguity and allows the Judgment Creditors to proceed with confidence that their enforcement action is authorized and timely. This serves judicial economy and prevents future disputes in bankruptcy court and in enforcement proceedings.

## IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Judgment Creditors David Tyler Moss and Fidelissimus, LLC., respectfully request that this Court enter an order granting relief from the discharge injunction under 11 U.S.C. § 524(d)(1) for the limited, administrative purpose of permitting the Judgment Creditors to obtain and serve a Writ of Execution on the Debtor, Brian Martin, to preserve and renew their federal court judgment dated April 15, 2016, in the amount of $18,600,000.00, entered in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:14-CV-03088-BF. The Judgment Creditors further request that the Court's order include the following limiting conditions:

1.  Relief is limited to obtaining and serving a Writ of Execution on the Debtor for the sole purpose of preserving and renewing the judgment.

2.  The Judgment Creditors are prohibited from levying, garnishing, seizing, or otherwise transferring any property of the estate without further order of this Court.

– 12 –

3.  The Judgment Creditors are prohibited from enforcing the writ against any property of the estate without a subsequent motion and order from this Court.

4.  The Judgment Creditors are prohibited from conducting post-judgment discovery or taking any other action to locate or identify estate assets without further order of this Court.

5.  Any further enforcement of the judgment, including execution or levy, requires an additional motion and order from this Court.

6.  This relief is granted without prejudice to the Debtor's discharge rights and is subject to the discharge injunction.

7.  This relief is effective immediately and shall remain in effect solely for the purpose of permitting service of the Writ of Execution on or before April 15, 2026.

The Judgment Creditors further request that this Court grant such other and further relief as the Court deems just and proper, including an expedited hearing on this emergency motion if the Court requires oral argument before ruling.

Respectfully submitted,

/s/ Mark S. Rosen

Mark S. Rosen

Dated: April 15, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, a true and correct copy of the foregoing Emergency Motion to Lift Discharge injunction was served upon all counsel of record and parties in this adversary proceeding by CM/ECF electronic filing.

– 13 –

/s/ Mark S. Rosen

MARK S. ROSEN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID TYLER MOSS and <br> BRANDON KEATING, <br><br> Plaintiffs, <br><br> v. <br><br> MARKO PRINCIP, <br> Individually, MARKO PRINCIP <br> d/b/a VIDEOGAMES YOUTUBE <br> CHANNEL, MARKO PRINCIP <br> d/b/a ACHIEVEMENT GUIDE, <br> MARKO PRINCIP <br> d/b/a GAME GUIDE, LLC, <br> VIDEOGAMES YOUTUBE <br> CHANNEL, <br> and BRIAN MARTIN, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:14-CV-03088-BF |

## FINAL JUDGMENT

Following a full jury trial on the merits, and based upon the claims for relief sought by Plaintiffs in their First Amended Complaint (Dkt. No. 19), the Joint Pretrial Order (Dkt. No. 56), and the Jury's Verdict (Dkt. No. 66), **IT IS HEREBY ORDERED, ADJUDGED, DECLARED, AND DECREED** that:

1.    Based upon Plaintiff David Tyler Moss's election of remedies in favor of a tort recovery pursuant to Jury Verdict Question No. 23 (as opposed to a contract recovery under Jury Verdict No. 21), judgment is entered against Defendants Brian Martin and Marko Princip on Plaintiff David Tyler Moss's claims for breach of fiduciary duty, fraud, tortious interference, and conspiracy. On these

Final JudgmentPage 1

claims, Plaintiff David Tyler Moss shall recover from Defendants Brian Martin and Marko Princip, jointly and severally, the amount of $2,100,000.00 (USD);

2. Based upon Plaintiff Brandon Keating's election of remedies in favor of a tort recovery pursuant to Jury Verdict Question No. 24 (as opposed to a contract recovery under Jury Verdict Question No. 22), judgment is entered against Defendants Brian Martin and Marko Princip on Plaintiff Brandon Keating's claims for breach of fiduciary duty, fraud, tortious interference, and conspiracy. On these claims, Plaintiff Brandon Keating shall recover from Defendants Brian Martin and Marko Princip, jointly and severally, the amount of $2,100,000.00 (USD);

3. Because of the tort remedy election, the Court further enters judgment against Defendant Brian Martin on Plaintiff David Tyler Moss's claim for exemplary damages, pursuant to Jury Verdict Question No. 27; and, in view of the statutory cap imposed by Chapter 41 of the Texas Civil Practices & Remedies Code, the Court hereby orders that Plaintiff David Tyler Moss shall recover exemplary damages from Defendant Brian Martin in the amount of $4,200,000.00 (USD);

4. Because of the tort remedy election, the Court further enters judgment against Defendant Brian Martin on Plaintiff Brandon Keating's claim for exemplary damages, pursuant to Jury Verdict Question No. 28; and, in view of the statutory cap imposed by Chapter 41 of the Texas Civil Practices & Remedies Code, the Court hereby orders that Plaintiff Brandon Keating shall recover exemplary damages from Defendant Brian Martin in the amount of $4,200,000.00 (USD);

5. Because of the tort remedy election, the Court further enters judgment against Defendant Marko Princip on Plaintiff David Tyler Moss's claim for exemplary damages, pursuant to Jury Verdict Question No. 25; and the Court hereby orders that Plaintiff David Tyler Moss shall recover exemplary damages from Defendant Marko Princip in the amount of $3,000,000.00 (USD);

6. Because of the tort remedy election, the Court further enters judgment against Defendant Marko Princip on Plaintiff Brandon Keating's claim for exemplary damages, pursuant to Jury Verdict Question No. 26; and the Court hereby orders that Plaintiff Brandon Keating shall recover exemplary damages from Defendant Marko Princip in the amount of $3,000,000.00 (USD);

7. As of the date of the jury's verdict, the Court hereby declares that a partnership exists in respect to the VideoGames YouTube Channel Partnership (the "Partnership"), with the following persons owning the following percentages of the Partnership:

   a. David Tyler Moss thirty (30) percent;

   b. Brandon Keating thirty (30) percent;

   c. Brian Martin twenty (20) percent; and

   d. Marko Princip twenty (20) percent.

8. Prejudgment interest at the rate allowed by law is awarded as to the amounts set forth in paragraphs 1) and 2) above, and the amounts set forth in paragraph 1) and 2) shall continue to bear interest post-judgment at the rate of .55% per annum;

9. Plaintiffs are entitled to and are awarded all recoverable costs; and

**Final JudgmentPage 3**

10.   The Court expressly determines that there is no just reason to delay entry of

Judgment.  The Court may issue additional orders, as necessary, to effectuate this

Judgment; or may amend this Judgment as permitted by law.

**SO ORDERED,** April 15, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Final JudgmentPage 4**

DC-20-09893



**WARANCH** C-68th  Carlos S. Waranch
**NUNN**                 Hunter A. Nunn
                         *licensed in Texas and Arkansas

                         T: (972) 863-9592
                         F: (972) 767-0338
                         waranchnunn.com
                         5720 LBJ Freeway, Suite 350
                         Dallas, TX 75240

FILED 20 JUL 21 PH 3:12 FELICIA PITRE DISTRICT CLERK DALLAS CO. TEXAS

July 16, 2020

*VIA CMRRR# 7019 1120 0002 1618 5413*
Dallas County District Court
ATTN: File Desk
George L. Allen, Sr. Courts Building
600 Commerce Street, Suite 103
Dallas, Texas 75202

RE:  Case No. 3:14-cv-03088-BT, *David Tyler Moss and Brandon Keating v. Marko Princip, et. al.,* United States District Court, Northern District of Texas, Dallas Division.

Dear Dallas County District Clerk:

Enclosed please find the following:

- One (1) certified copy of the Final Judgment in the above-referenced case;
- Two (2) additional copies of the certified Final Judgment;
- Two (2) copies of the Affidavit of Hunter A. Nunn, counsel for the judgment creditors; and
- One (1) check for payment of $292.00.

Please accept the enclosed certified Final Judgment and Affidavit for filing pursuant to Tex. Civ. Prac. & Rem. §35.003-35.004. Please provide file-stamped copies of these documents to me in the enclosed self-addressed return envelope.

Please do not hesitate to contact me if you have any questions. Thank you in advance for your usual courtesy and attention to this request.

Respectfully submitted,

/s/ Hunter A. Nunn

Hunter A. Nunn
Amos S. Waranch
**WARANCH & NUNN, PLLC**
**ATTORNEYS FOR JUDGEMENT CREDITORS, DAVID**
**TYLER MOSS AND FIDELISSIMUS, LLC**

429-05678-2020

Filed: 4/15/2026 10:19 AM
Michael Gould
District Clerk
Collin County, Texas
By Selene Ontiveros Deputy
Envelope ID: 113672537

# ABSTRACT OF JUDGMENT

United States District Court
Northern District of Texas
Dallas Division

Civil Action No. 3:14-cv-03088-M

I, the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, certify that in the case styled:

David Tyler Moss and Brandon Keating, Plaintiffs,
v.
Brian Martin and Marko Princip, Defendants,

Final Judgment was entered on April 15, 2016, in favor of Plaintiffs and against Defendants.

The judgment awards:
• $2,100,000.00 to David Tyler Moss, jointly and severally;
• $2,100,000.00 to Brandon Keating, jointly and severally;

Plus exemplary damages as set forth in the Final Judgment.

Post-judgment interest accrues at the rate of 0.55% per annum until paid.

There remains due and owing in excess of $4,200,000.00, plus interest and costs.

Issued this 13th day of April , 2026.


**Clerk of Court**

Clerk of Court
United States District Court
Northern District of Texas

By: s/ Yolanda Pace
Deputy Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bella Washington on behalf of Craig Capua
Bar No. 3783950
bella.w@westllp.com
Envelope ID: 113672537
Filing Code Description: Notice
Filing Description: Abstract of Judgment
Status as of 4/15/2026 10:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Angelia Foster | | afoster@mcglinchey.com | 4/15/2026 10:19:36 AM | SENT |
| Chad A.Norcross | | chad.norcross@norcrosslaw.com | 4/15/2026 10:19:36 AM | SENT |
| Sherri Johnson | | sajohnson@mcglinchey.com | 4/15/2026 10:19:36 AM | SENT |
| Teri Rostron | | trostron@mcglinchey.com | 4/15/2026 10:19:36 AM | SENT |
| Matthew Aycock | 24057748 | maycock@prattaycock.com | 4/15/2026 10:19:36 AM | SENT |
| Eugene ZempDuBose | | gene@duboselegalgroup.com | 4/15/2026 10:19:36 AM | SENT |
| Dwayne Danner | | ddanner@mcglinchey.com | 4/15/2026 10:19:36 AM | SENT |
| Dan Wyde | | wydelaw@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| Dan Wyde | | wydelaw@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| Hunter Nunn | | hnunn@waranchnunn.com | 4/15/2026 10:19:36 AM | SENT |
| Brian DennisMartin | | xbrianmartinx@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| Holly Susan BoneMartin | | mchorses23@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| W&N Info | | info@waranchnunn.com | 4/15/2026 10:19:36 AM | SENT |
| Andrew R.Korn | | akorn@receiverandrewkorn.com | 4/15/2026 10:19:36 AM | SENT |
| Amos Waranch | | awaranch@waranchnunn.com | 4/15/2026 10:19:36 AM | SENT |
| Dinisha Hollins | | info@waranchnunn.com | 4/15/2026 10:19:36 AM | SENT |
| Ted Gambordella | | tgambordella@prattaycock.com | 4/15/2026 10:19:36 AM | SENT |
| Dan Wyde | | wydelaw@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| Thomas W.White, Jr. | | twhite@mcglinchey.com | 4/15/2026 10:19:36 AM | SENT |
| Jessica Mayfield | | jessica.mayfield@norcrosslaw.com | 4/15/2026 10:19:36 AM | SENT |
| Natasha Rinehart | | natasha.r@westllp.com | 4/15/2026 10:19:36 AM | SENT |
| Andrew Korn | | andrew@receiverandrewkorn.com | 4/15/2026 10:19:36 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bella Washington on behalf of Craig Capua
Bar No. 3783950
bella.w@westllp.com
Envelope ID: 113672537
Filing Code Description: Notice
Filing Description: Abstract of Judgment
Status as of 4/15/2026 10:38 AM CST

Case Contacts

| Andrew Korn | | andrew@receiverandrewkorn.com | 4/15/2026 10:19:36 AM | SENT |
|---|---|---|---|---|
| michael hurst | | mhurst@lynnllp.com | 4/15/2026 10:19:36 AM | SENT |
| Holly Bone-Martin | | contactfuturistichub@gmail.com | 4/15/2026 10:19:36 AM | SENT |
| John G.Helstowski | | jgh@jghfirm.com | 4/15/2026 10:19:36 AM | SENT |
| CRAIG A.CAPUA | | craig.c@westllp.com | 4/15/2026 10:19:36 AM | SENT |
| Bella Washington | | bella.w@westllp.com | 4/15/2026 10:19:36 AM | SENT |
| Philip Meyer | | service@pmeyer.law | 4/15/2026 10:19:36 AM | ERROR |
| Shellie Cordell | | scordell@waranchnunn.com | 4/15/2026 10:19:36 AM | ERROR |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 27281 Las Ramblas, Ste 200, Mission Viejo CA 92691

A true and correct copy of the foregoing document entitled (*specify*): EMERGENCY MOTION FOR COMFORT ORDER
OR IN THE ALTERNATIVE, TO MODIFY THE DISCHARGE INJUNCTION FOR THE LIMITED PURPOSE OF
JUDGMENT PRESERVATION
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/15/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Lynda T. Bui (TR), trustee.bui@shulmanbastian.com, Paul Y Lee, court@leelawyer.com, United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov; Brian Dennis Martin, xbrianmartinx@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __04/15/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 Brian Dennis Martin, 941 Cimarron Lane, Corona CA 92879

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/15/2026 | PATTIE LIMON | *Pattie Limon* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**