BRIAN MARTIN, In Pro Per

941 Cimarron Lane

Corona CA 92879

(840)-207-1860

xbrianmartinx@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA RIVERSIDE DIVISION

| | |
|---|---|
| **In Re BRIAN DENNIS MARTIN** | Chapter 7 Case No. 6:25-bk-10944-MH<br>Adversary No.6:25-ap-01055-RB |
| **DAVID TYLER MOSS and FIDELISSIMUS, LLC,** | **DEFENDANT'S OPPOSITION TO EMERGENCY   \| MOTION FOR COMFORT ORDER [DOC 103]** |
| **Plaintiffs,** | |
| **vs.** | Date: |
| **BRIAN DENNIS MARTIN,** | Time: |
| **Defendant.** | Courtroom: 303 |
| | PLACE: 3420 12th Ave., Riverside CA |

**DEFENDANT'S OPPOSITION TO EMERGENCY   | MOTION FOR COMFORT**

**ORDER [DOC 103]**

**TO THE HONORABLE MAGDALENA BORDEAUX, JUDGE OF THE UNITED STATES**

**BANKRUPTCY COURT.**

1

DEFENDANT'S OPPOSITION TO EMERGENCY   | MOTION FOR COMFORT
ORDER [DOC 103]

## I. INTRODUCTION

Debtor Brian Dennis Martin ("Debtor") respectfully submits this opposition to the Emergency Motion for Comfort Order filed by Plaintiffs David Tyler Moss and Fidelissimus, LLC ("Creditors"). The Creditors' motion is a transparent attempt to obtain retroactive judicial approval for a willful violation of the Discharge Injunction that has already occurred. The motion should be denied as procedurally defective and legally meritless.

## II. PROCEDURAL DEFECTS: FAILURE TO CONFER

The Creditors filed this "Emergency" motion without making any attempt to "meet and confer" with the Debtor, in violation of **LBR 9013-1(d)** and **LBR 9075-1**.

1. The Creditors were well aware of the Debtor's position, as the Debtor had already reached out to Creditors' counsel on April 8 and April 11, 2026, to request the release of an illegal Texas Abstract of Judgment.

2. The Plaintiffs attorney Mark Rosen has been aware of this via email and phone communications where I asked his clients to retract the abstract and stop continuously breaking the law including bypassing state and federal protections as the Plaintiffs have a record of doing so on a constant basis.  Further, the Plaintiffs were served a copy of my motion for sanctions for violation of the discharge and only then do they rush to cover their tracks. **(EXHIBIT A)**

3. Instead of resolving the matter, the Creditors rushed to file this "Emergency" motion to preempt the Debtor's pending Motion for Sanctions. **(EXHIBIT A)** There is no true emergency; the Creditors' "urgency" is entirely self-created by their own illegal post-discharge collection efforts.

2

DEFENDANT'S OPPOSITION TO EMERGENCY   | MOTION FOR COMFORT
ORDER [DOC 103]

4. This is not the first time Plaintiffs come with unclean hands. The Plaintiffs have a history of filing fraudulent filings and abusive discovery into this case which will be discovered at the hearing for DOC 88 and 89 (A fraud upon the court)

**III. ARGUMENT**

**A. The Creditors are seeking a "Get Out of Jail Free" Card for a Prior Violation.** On April 13, 2026, the Creditors recorded an Abstract of Judgment in Texas for a $4.2 million pre-petition debt. This occurred nearly a year after the Debtor's discharge was entered on June 2, 2025. This act is a facial violation of **11 U.S.C. § 524** and **Texas Property Code § 52.042(b)**.

**B. The Debt is Discharged Until a Final Judgment Says Otherwise.** Creditors argue they need a "Comfort Order" because of the pending adversary proceeding. However, under the Bankruptcy Code, a debt subject to **§ 523(a)(2), (4), or (6)** is **discharged by default** once the discharge order enters, unless and until the Creditor wins its case. By recording the lien *before* winning the adversary proceeding, the Creditors jumped the gun and violated the injunction.

**C. No Basis for "Comfort" Where Conduct is Objectively Wrongful.** Under *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), the standard for contempt is whether there is "no objectively reasonable basis" for the creditor's conduct. Given that **Texas Property Code § 52.042(b)** explicitly forbids a discharged debt from becoming a lien on post-petition property, the Creditors have no "fair ground of doubt." They are not entitled to a "Comfort Order" to bless an objectively unreasonable violation of the law.

DEFENDANT'S OPPOSITION TO EMERGENCY   | MOTION FOR COMFORT ORDER [DOC 103]

## IV. CONCLUSION

The Creditors' motion is an abuse of the emergency filing system designed to shield themselves from a sanctions motion. The Debtor respectfully requests that this Court **DENY** the request for a Comfort Order and allow the matter to be heard on the merits via the Debtor's pending Motion for Sanctions.

Dated: April 16, 2026 Respectfully submitted,

_____

*Brian D Martin*

DEFENDANT'S OPPOSITION TO EMERGENCY   | MOTION FOR COMFORT
ORDER [DOC 103]

# EXHIBIT A

BRIAN MARTIN, In Pro Per

941 Cimarron Lane

Corona CA 92879

(840)-207-1860

xbrianmartinx@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA RIVERSIDE DIVISION

| | |
|---|---|
| **In re: \| BRIAN DENNIS MARTIN**<br><br>_____<br><br>**BRIAN DENNIS MARTIN,**<br><br>    **Debtor** | Case No. 6:25-bk-10944-RB<br>Adversary No. 6:25-ap-01055-RB<br>Chapter 7<br><br>**MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION 11 U.S.C. § 524**<br><br>Date: May 19, 2026<br><br>Time: 11:00 AM<br><br>Courtroom: 303<br><br>PLACE: 3420 12th Ave., Riverside CA |

**MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE**

**INJUNCTION 11 U.S.C. § 524**

**TO THE HONORABLE MAGDALENA BORDEAUX, JUDGE OF THE UNITED STATES**

**BANKRUPTCY COURT.**

1

MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE
INJUNCTION 11 U.S.C. § 524

## I. MOTION

Debtor Brian Dennis Martin ('Debtor') hereby moves this Court for an order imposing sanctions for contempt against **David Tyler Moss, Fidelissimus, LLC, Brandon Gabriel Keating, and Craig Capua of West and Associates** (collectively, 'Creditors'). These Creditors are the Plaintiffs in the pending Adversary Proceeding (Case No. 6:25-ap-01055) willful violation of the Discharge Injunction pursuant to **11 U.S.C. § 524** and the Court's inherent authority under **11 U.S.C. § 105(a)**.

## II. FACTUAL BACKGROUND

1. On **June 2, 2025**, this Court entered an Order of Discharge [Dkt. 13].

2. The Creditor was served with notice of the discharge and is currently a party to an active Adversary Proceeding (**Case No. 6:25-ap-01055**) pending before this Court.

3. On or about **April 9, 2026**, I discovered that the Creditor filed a motion an **Abstract of Judgment** in **Dallas County, Texas**, on **April 8, 2026**. which was recorded on April 13, 2026.

4. Plaintiffs proceeded to file the Abstract of Judgment into Texas Courts using Case No. DC-20-09893 and 429-05678-2020 to further their violations despite being asked to retract it.

5. Under **Texas Property Code § 52.001**, the recording of an abstract is not a mere ministerial renewal; it is the affirmative act of creating a lien on any real property the Debtor may hereafter acquire.

## III. LEGAL ARGUMENT

**A. Violation of the Permanent Injunction** Under 11 U.S.C. § 524, a discharge "operates

2

MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE
INJUNCTION 11 U.S.C. § 524

as an injunction against the commencement or continuation of an action... or an act, to collect, recover or offset any such debt as a personal liability of the debtor." Recording an abstract is a collection act intended to encumber the Debtor's "fresh start."

**B. The Violation is Willful** A violation is willful if the creditor (1) knew of the discharge and (2) intended the action that violated it. *In re Nash*, 464 B.R. 874 (9th Cir. BAP 2012). Creditor's active participation in Adversary Proceeding 6:25-ap-01055 confirms they had actual notice of the bankruptcy and discharge. This is further evidence of the Plaintiffs blatant disregard for this courts authority in this case and the adversary as this court will soon find out just how unclean the Plaintiffs hands truly are.

**C. The "Ministerial Renewal" Defense Does Not Apply in Texas** While some jurisdictions allow technical judgment renewals, Texas Property Code § 52.001 defines an abstract as a **lien-creating device**. By recording this abstract, the Creditor effectively sought to seize an interest in the Debtor's post-petition property, violating the core tenets of the Bankruptcy Code. Furthermore, **11 U.S.C. § 108(c)** provided the Creditor with a safe harbor to preserve their rights without violating the injunction; they chose to bypass this legal remedy. **Section 52.042** makes no exception for renewals of discharged debts. In Texas, if the debt is discharged, the judgment's ability to be a lien on new property is **extinguished**. Any attempt to record it anyway is an attempt to circumvent both state and federal law. The Creditor's recording of an abstract of judgment in Texas is a facial violation of **Texas Property Code § 52.042(b)**, which mandates that a discharged debt 'does not have force or validity' and 'may not be a lien' on property acquired after the bankruptcy petition. Because this act was taken post-discharge to encumber the Debtor's future assets, it constitutes a willful violation of the federal discharge injunction under **11 U.S.C. § 524(a)**

3

MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE
INJUNCTION 11 U.S.C. § 524

## IV. RELIEF REQUESTED

Debtor respectfully requests:

1. An order declaring the Texas Abstract of Judgment **void ab initio**;

2. An order requiring Creditor to file a release of the abstract in Texas within 48 hours;

3. Compensatory damages and attorney's fees for the cost of bringing this motion.

Dated: April 14, 2026

Respectfully Submitted,

_____

Brian D Martin

MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE
INJUNCTION 11 U.S.C. § 524

BRIAN MARTIN, In Pro Per

941 Cimarron Lane

Corona CA 92879

(840)-207-1860

xbrianmartinx@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA RIVERSIDE DIVISION

| | |
|---|---|
| **In re: \| BRIAN DENNIS MARTIN** | Case No. 6:25-bk-10944-RB <br> Adversary No. 6:25-ap-01055-RB <br> Chapter 7 |
| | **DECLARATION OF BRIAN MARTIN IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION** |
| **BRIAN DENNIS MARTIN,** | |
| **Debtor** | Date: May 19, 2026 |
| | Time: 11:00AM |
| | Courtroom: 303 |
| | PLACE: 3420 12th Ave., Riverside CA |

**DECLARATION OF BRIAN MARTIN IN SUPPORT OF MOTION FOR SANCTIONS FOR**

**VIOLATION OF THE DISCHARGE INJUNCTION**

**TO THE HONORABLE MAGDALENA BORDEAUX, JUDGE OF THE UNITED STATES**

**BANKRUPTCY COURT.**

I, **Brian Martin**, declare as follows:

1. I am the Debtor in the above-captioned bankruptcy case. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. On **June 2, 2025**, this Court entered an Order of Discharge in my favor. A true and correct copy of the Discharge Order is attached hereto as **Exhibit B**.

3. I am currently the Defendant in an active Adversary Proceeding brought by **David Tyler Moss, Fidelissimus LLC, and Brandon Gabriel Keating** (the "Creditor"), Case No. **6:25-ap-01055**, which is currently in the discovery phase.

4. On or about **April 9, 2026**, I discovered that the Creditor filed a motion an **Abstract of Judgment** in **Dallas County, Texas**, on **April 8, 2026**. which was recorded on April 13, 2026

5. A true and correct copy of the Abstract of Judgment is attached hereto as **Exhibit A**.

6. The recording of this Abstract occurred well after the entry of my bankruptcy discharge and while the Creditor was actively participating as a party in the pending Adversary Proceeding.

7. The Creditor has had actual notice of my bankruptcy filing and the subsequent discharge since the inception of the case, as evidenced by their filing of the Complaint in the related Adversary Proceeding.

8. I am informed and believe that under **Texas Property Code § 52.001**, the

DECLARATION OF BRIAN MARTIN IN SUPPORT OF MOTION FOR
SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION § 524

recording of this abstract creates a lien that attaches to any real property I may acquire in the future in that county. This act directly interferes with the "fresh start" guaranteed to me by the Bankruptcy Code and clouds the title of any potential post-petition acquisitions or business interests I may pursue. Although I am certain I will not be in Texas Jurisdiction, this motion and attempt to record is evidence the creditors intend to bypass California Protection laws and continue to use Texas courts to collect California assets and income they are not entitled to without using California courts. The creditors continue to show unclean hands throughout every aspect of these proceedings in Bankruptcy and in Texas courts.

9. On **April 8 and 11, 2026**, I contacted the Creditor's attorney Craig Capua of West and Associates via **email and phone** to request the immediate release of the Texas Abstract of Judgment. As of the date of this declaration, the Creditor has **failed to respond as always ignoring the rights and due process and most importantly this court's authority.**

10.       As a result of this willful violation, I have been forced to incur legal research costs and time to address this cloud on my post-petition financial standing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14 day of APRIL 2026, at Corona, California.

_____

**BRIAN MARTIN**, Debtor

3
DECLARATION OF BRIAN MARTIN IN SUPPORT OF MOTION FOR
SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION § 524

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing motion for **MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION 11 U.S.C. § 524** was served upon the following parties by the method indicated below on [4/14/2026]:

**MARK S. ROSEN**
Attorney at Law
27281 Las Ramblas, Ste. 200
Mission Viejo, California 92691
Tel:  (714) 285-9838
email: MarkSRosen@aol.com; markrosen@markrosenlaw.com

☐ By hand delivery

☐ By United States mail, postage prepaid

☐ By overnight delivery service

☐ By facsimile transmission

☒ By electronic mail

☒ By electronic filing through the Court's CM/ECF system

DATED: April 14, 2026

By: Brian Dennis Martin
Pro Se Defendant/debtor

MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE
INJUNCTION 11 U.S.C. § 524

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
941 Cimarron Lane, Corona CA 92879

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION 11 U.S.C. § 524
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/14/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
trustee.bui@shulmanbastian.com, C115@ecfcbis.com
marksrosen@aol.com, pattielegalasst@aol.com, ustpregion16.rs.eft@usdoj.gov, xbrianmartinx@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___04/14/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Magdalena Reyes Bordeaux
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/14/2026 | Holly Bone | |
|---|---|---|
| Date | Printed Name | Signature |

_____
This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

# ABSTRACT OF JUDGMENT

**EXHIBIT A**

United States District Court
Northern District of Texas
Dallas Division

Civil Action No. 3:14-cv-03088-M

I, the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, certify that in the case styled:

David Tyler Moss and Brandon Keating, Plaintiffs,
v.
Brian Martin and Marko Princip, Defendants,

Final Judgment was entered on April 15, 2016, in favor of Plaintiffs and against Defendants.

The judgment awards:
• $2,100,000.00 to David Tyler Moss, jointly and severally;
• $2,100,000.00 to Brandon Keating, jointly and severally;

Plus exemplary damages as set forth in the Final Judgment.

Post-judgment interest accrues at the rate of 0.55% per annum until paid.

There remains due and owing in excess of $4,200,000.00, plus interest and costs.

Issued this 13th day of April, 2026.


Clerk of Court
Clerk of Court
United States District Court
Northern District of Texas

By: s/Yolanda Pace
Deputy Clerk

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Brian Dennis Martin** | Social Security number or ITIN   xxx–xx–3966 |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | Central District of California | |
| Case number: | 6:25–bk–10944–RB | |

## Order of Discharge – Chapter 7

**EXHIBIT B**

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Brian Dennis Martin

[include all names used by each debtor, including trade names, within
the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 6/2/25

**Dated:** 6/2/25

**By the court:**   Magdalena Reyes Bordeaux
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

13/AUTU

For more information, see page 2 >

## Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
941 Cimarron Lane, Corona CA 92879

A true and correct copy of the foregoing document entitled (*specify*): _____
DEFENDANT'S OPPOSITION TO EMERGENCY  | MOTION FOR COMFORT ORDER [DOC 103] _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/16/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

trustee.bui@shulmanbastian.com, C115@ecfcbis.com

marksrosen@aol.com, pattielegalasst@aol.com, ustpregion16.rs.eft@usdoj.gov, xbrianmartinx@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/16/2026 | Holly Bone | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**