BRIAN MARTIN, In Pro Per

941 Cimarron Lane

Corona CA 92879

(840)-207-1860

xbrianmartinx@gmail.com


IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF

CALIFORNIA RIVERSIDE DIVISION

| | |
|---|---|
| **In Re BRIAN DENNIS MARTIN** | Chapter 7 Case No. 6:25-bk-10944-RB<br>Adversary No.6:25-ap-01055-RB |
| **DAVID TYLER MOSS and FIDELISSIMUS, LLC,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BRIAN DENNIS MARTIN,**<br><br>**Defendant.** | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT**<br><br>Date: To be set by the Court<br><br>Time: To be set by the Court<br><br>Courtroom: 303<br><br>PLACE: 3420 12th Ave., Riverside CA |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON**

**THE COURT**

**TO THE HONORABLE MAGDALENA REYES BORDEAUX,**

**JUDGE OF THE UNITED STATES BANKRUPTCY COURT**

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

# Table of Contents

**I. Introduction** ........................................................... Page 3

**II. Statement of Facts** .............................................. Page 3-5

**III. Argument** ......................................................... Page 5-9

*1. Dismissal is Mandated for Fraud on the Court* ............. Page 5

*2. Standing is a Jurisdictional Prerequisite* ..................... Page 5,6

*3. Terminating Sanctions Under the Ninth Circuit Five-Factor Test* ........... Page 6-8

*4. Deemed Admissions (Rule 36)* ..................................... Page 8

*5. Bad Faith Harassment of Third Parties* ...................... Page 9

**IV. Plaintiffs' Actions Constitute a Fraud Upon the Court** ........... Page 9

**V. Pattern of prior bad faith and defiance of Court Orders**…….. Page 10

**VI. Certification of MEET-AND-CONFER efforts** …………...Page 10

**VII. Conclusion** ................................................................... Page 11

# TABLE OF AUTHORITIES

**Cases**

*Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337 (9th Cir. 1995) ....... 6

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) ............................................ 6

*Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802 (9th Cir. 1982) .. 6

*Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051 (9th Cir. 1998) ................ 6

*Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983) ........................... 5, 8

2

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

## I. INTRODUCTION

Defendant Brian Dennis Martin ("Defendant") respectfully moves this Court to dismiss the First Amended Complaint with prejudice. This motion is necessitated by the Plaintiffs' documented pattern of fraud upon the Court, lack of standing, and egregious discovery misconduct, violation of this courts orders, and deemed admissions. The Plaintiffs—David Tyler Moss and a shell entity, Fidelissimus LLC, managed by Brandon Keating—have knowingly submitted false narratives regarding non-existent evidentiary hearings, misrepresented financial transactions to frame the Defendant, and willfully violated this Court's express orders, including the discharge injunction and mandatory meet-and-confer requirements. Furthermore, the lead Plaintiff, Fidelissimus LLC, is an illegitimate party with no verified standing to prosecute this action. By engaging in this calculated pattern of deception, Plaintiffs and their counsel have subverted the judicial process and committed a fraud upon this Court, rendering a fair trial impossible and warranting immediate dismissal with prejudice.

## II. STATEMENT OF FACTS

**A. Lack of Standing: Fidelissimus LLC** Fidelissimus LLC asserts it is a judgment creditor. However, the Texas Abstract of Judgment from April 13, 2026, identifies **Brandon Keating**—not the LLC—as the creditor. Notably, the motion to obtain said abstract filed April 8, 2026, by Plaintiffs' Texas counsel, Craig Capua, fails to identify Fidelissimus LLC as a creditor. This is clear and convincing evidence that the Plaintiffs are using a shell entity to deceive this Court into believing a legitimate transfer of judgment occurred. Plaintiff **David Tyler Moss** is privy to this information as an active Co-Plaintiff in

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

post-judgment collection efforts and has benefited from the fraud. Defendant has conducted a comprehensive search of the records in the underlying Federal Judgment (Case No. 3:14-cv-03088) and the corresponding Texas state court records. There is no recorded assignment, transfer, or substitution of judgment creditor from Brandon Keating to Fidelissimus LLC. Plaintiffs are attempting to collect on a debt they do not own, which is a fraudulent act and a per se lack of standing

**B. Fabrication of Judicial Findings and Defiance of California Authority** Plaintiffs and counsel Mark Rosen falsely claim a Texas court ruling provided evidence of a "business venture" between Defendant and Kevin Martin. This is a patent falsehood; no evidentiary hearing ever took place in that matter. Furthermore, in *Martin v. JP Morgan Chase Bank, NA* (Case No. CVRI2402841), Kevin Martin and Force Media, LLC established they were operating legally. Plaintiffs have shown total disregard for California's authority by ignoring Temporary Restraining Orders (TROs) and relying on a Texas court whose orders have been repeatedly reversed on appeal, or set for appeal on being biased and improper. See 05-24-00943-CV.

**C. Deliberate Distortion of the "Bitcoin Depot" Transaction** In Dkt 83 (Exhibit 3), Plaintiffs falsely claim Defendant received Bitcoin from his mother. The evidence—of which Brandon Keating had personal knowledge—proves Defendant was actually assisting his mother in recovering funds after she was scammed. Plaintiffs have intentionally "flipped" this narrative to manufacture a fraudulent claim.

**D. Omission of the Texas Reversal and Federal Appeal** Plaintiffs intentionally failed to disclose that the Dallas Texas state court judgment was **reversed** on appeal. They initially treated this "wiped out" debt as a current liability. Additionally, they failed to disclose that

4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

the 2016 Federal Judgment ($18 Million) is currently being challenged in the Fifth Circuit Court of Appeals (*Moss v. Martin*, Case No. 0:24-pcd-10848).

**E. Plaintiff's non-dischargable argument** Plaintiffs attempt to shield their conduct by invoking the principle that fraud is not dischargeable under 11 U.S.C. § 523. However, this shield is not absolute. A Plaintiff cannot use a non-dischargeability claim as a license to commit *further* fraud on the Court, ignore discovery obligations, or sue without standing. The integrity of the judicial process is paramount; if the underlying judgment is reversed or the Plaintiff is not the real party in interest, the nature of the alleged debt is irrelevant.

**III. LEGAL ARGUMENT**

**1. Dismissal is Mandated for Fraud on the Court** The Court possesses the inherent power to dismiss a case when a party has "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Plaintiffs' conduct—specifically fabricating evidence and attempting to collect on an invalid debt through an illegitimate entity—constitutes a direct fraud upon this Court. Such actions are not merely procedural errors; they are fundamental attacks on the integrity of these proceedings that mandate dismissal with prejudice.

**2. Standing is a Jurisdictional Prerequisite** A Plaintiff must be the "Real Party in Interest" to maintain an action under Federal Rule of Civil Procedure 17(a). Because Fidelissimus LLC does not hold legal title to the subject judgment, it lacks Article III standing to prosecute this suit. Prosecuting a claim without a legal right to the underlying debt is a "fraudulent miscarriage of justice" that deprives this Court of subject-matter

5

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

jurisdiction. *See e.g., Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). By asserting claims on behalf of a shell entity for a judgment that is held by a non-party, Plaintiffs are attempting to circumvent the jurisdictional requirements of this Court, which mandates dismissal.

**3. Terminating Sanctions Under the Ninth Circuit Five-Factor Test**

Dismissal is a severe, but necessary, remedy when a party's bad-faith conduct makes a fair trial impossible. The Ninth Circuit has established that a court possesses the inherent power to dismiss an action where a party has engaged in deceptive practices that undermine the judicial process. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). When determining whether terminating sanctions are appropriate, this Court may apply the five-factor test set forth in *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995), which evaluates the public's interest in the expeditious resolution of litigation, the Court's need to manage its docket, and the prejudice to the opposing party. This authority is essential for preserving the integrity of the judicial system, as 'there is no point to a lawsuit if it merely applies law to lies.' *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998). Because Plaintiffs have willfully misled this Court through discovery defaults and the assertion of standing based on non-existent legal interests—conduct which is 'utterly inconsistent with the orderly administration of justice'—terminating sanctions are not only warranted but necessary to prevent a fraud upon the Court. *See Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982).  'there is no point to a lawsuit if it merely applies law to lies.' Here, Plaintiffs' persistent discovery defaults, coupled with their assertion of standing based on a non-existent transfer of interest, constitute a willful attempt to defraud this Court and the

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT

bankruptcy estate, warranting dismissal with prejudice.

- **(1) The Public's Interest in Expeditious Resolution:** The Plaintiffs have actively hindered this Court's schedule by initiating this adversary proceeding and subsequently abandoning it. Counsel Mark Rosen's 60-day refusal to communicate and total failure to engage in the court-ordered "meet and confer" process has effectively stalled the administration of justice.

- **(2) The Court's Need to Manage Its Docket:** The Court cannot manage a docket where Plaintiffs violate express mandates. Plaintiffs' ongoing failure to comply with discovery obligations creates a "bottleneck" that forces the Court to expend limited judicial resources on motions compelled by Plaintiffs' own non-compliance.

- **(3) Risk of Prejudice to the Defendant:** Defendant is severely prejudiced. Plaintiffs have ignored Requests for Admission served on November 26, 2025. Under **FRBP 7036**, these are deemed admitted. Forcing the Defendant to prepare for trial against a party that refuses to engage in discovery, while simultaneously attempting to "starve" the defense by subpoenaing third-party income sources, constitutes clear, irreparable prejudice.

- **(4) Public Policy Favoring Disposition on the Merits:** While this policy is strong, it is overridden here. A disposition on the merits is impossible because the Plaintiffs' "merits" are built upon a foundation of admitted facts, shell-company misdirection, and fabricated judicial findings. The Court cannot favor a merits-based decision when the Plaintiffs have actively destroyed the evidentiary record.

- **(5) Availability of Less Drastic Sanctions:** No lesser sanction can cure the

7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON
THE COURT

damage. Monetary fines would be insufficient, as Plaintiffs have demonstrated a total disregard for Court orders. A warning would be futile, as Plaintiffs have already ignored multiple opportunities to correct their behavior. Defendant previously provided Plaintiffs with an opportunity to correct these jurisdictional and procedural deficiencies, which have persisted despite notice. Plaintiffs have failed to address these issues, demonstrating a willful pattern of non-compliance that necessitates the immediate intervention of this Court. Given that the admitted facts (via Rule 36) essentially resolve the case, there is no 'lesser' outcome than dismissal that would satisfy the interests of justice.

**4. Deemed Admissions (Rule 36)** Plaintiffs have failed to respond to Defendant's First Set of Requests for Admission served on November 26, 2025. Pursuant to FRCP 36(a)(3), all matters set forth therein are deemed admitted and conclusively established. **The Notice of Deemed Admissions, filed with this Court on April 20, 2026,** explicitly establishes that: (1) no partnership ever existed with Defendant; (2) the $18.6 million judgment figure is excessive with no evidence to support that figure; and (3) Plaintiffs have no evidence to support their alter-ego claims against Kevin Martin or Force Media. These admissions confirm that Plaintiffs are knowingly pursuing claims they know to be false, further necessitating dismissal with prejudice (4) Plaintiffs admitted to their own fraud in prior Texas collection cases including default judgments subject to this proceeding. Pursuant to FRCP 36(a)(3), Plaintiffs' failure to respond to Defendant's Requests for Admission within the mandatory 30-day period resulted in the conclusive establishment of all matters contained therein. These facts are not subject to dispute; they are deemed admitted by operation of law and form the undisputed factual basis upon which this Court

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT

must grant dismissal.

**5. Bad Faith Harassment of Third Parties** Serving subpoenas on YouTube—the Defendant's source of income—while refusing to communicate with the Defendant directly, is a bad-faith "fishing expedition" designed to harass. Plaintiffs are attempting to cut off survival income to starve defense efforts, knowing that YouTube has threatened account termination if litigation "drama" continues.

## IV. PLAINTIFFS' ACTIONS CONSTITUTE A FRAUD UPON THE COURT

Plaintiffs have engaged in a pattern of conduct that transcends mere litigation strategy and enters the realm of Fraud on the Court. This Court possesses the inherent power to dismiss a case when a party has "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

By asserting claims on behalf of a shell entity (Fidelissimus LLC) for judgments that are legally held by a non-party (Brandon Keating), by relying on Texas state court records that they know to be reversed (Exhibit 6), and by making false statements in their Motions to Compel Compliance, Plaintiffs are knowingly misleading this Court. This conduct is not merely an error; it is an attempt to defraud the bankruptcy estate and manipulate the judicial process to collect on invalid debts. Such bad-faith conduct is fundamentally incompatible with the integrity required of litigants in this Court and warrants immediate dismissal with prejudice.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT

## V. PATTERN OF PRIOR BAD FAITH AND DEFIANCE OF COURT ORDERS

Plaintiffs' conduct in this Adversary Proceeding is not an isolated instance of procedural error; it is part of a calculated pattern of willful defiance of federal court orders. As evidenced by the Declaration of Brian Dennis Martin (Exhibit 11) Plaintiffs previously violated the discharge injunction issued by this Court by attempting to abstract a judgment in Texas that was subject to this Court's discharge. As evidenced by the Declaration of Brian Dennis Martin (Exhibit 2) Plaintiffs *willingly* and falsely stated in their motion for abstract that the *"Judgment remains valid and enforceable"* which directly ignores this courts discharge injunction. Plaintiffs' willingness to ignore this Court's direct injunctions, coupled with their current refusal to participate in discovery, confirms that they view judicial orders as optional. This pattern of behavior is incompatible with the integrity of this Court and underscores why lesser sanctions are insufficient.

## VI. CERTIFICATION OF MEET-AND-CONFER EFFORTS

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and the applicable Local Rules of this Court, I, Brian Dennis Martin, hereby certify that I have in good faith conferred or attempted to confer with Plaintiffs' counsel, Mark Rosen, in an effort to obtain the requested discovery without court action. As detailed in my Declaration and supported by the communication logs attached as Exhibit 9, I have made repeated, documented attempts via email and telephone to resolve these discovery disputes. Despite these efforts, Plaintiffs have failed to respond, failed to provide the requested information, and have ignored all good-faith attempts to resolve the matter without judicial intervention. I have exhausted all reasonable efforts to resolve this dispute.

10

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT

**VII. CONCLUSION** The cumulative effect of Plaintiffs' persistent discovery defaults, fabricated evidence, violation of this court orders, and attempts to assert standing through a shell entity proves this litigation is conducted in bad faith. Such a pattern of conduct is utterly inconsistent with the orderly administration of justice and cannot be cured by lesser sanctions. To protect the integrity of this Court, the bankruptcy estate, and the judicial process, Defendant respectfully requests that this Court exercise its inherent power to dismiss the Adversary Complaint with prejudice.

Respectfully Submitted,

Dated: April 20,  2026

By: _____

**Brian Dennis Martin, Defendant**

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR TERMINATING SANCTIONS AND FRAUD ON THE COURT