PROMINENT LAW GROUP, APC
Joshua R. Engle (CA SBN: 249871)
333 City Blvd. West, Suite 1700
Orange, CA 92868
Tel: 714-236-9330
Fax: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
josh@plgoc.com

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA--RIVERSIDE DIVISION

| | |
|---|---|
| In Re BRIAN DENNIS MARTIN | Chapter 7 Case No. 6:25-bk-10944-RB<br>Adversary No.6:25-ap-01055-RB |
| DAVID TYLER MOSS and FIDELISSIMUS, LLC,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>BRIAN DENNIS MARTIN,<br><br>　　　Defendant. | **DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE**<br><br>Date: In camera review<br><br>Time:<br><br>Courtroom: 301<br><br>PLACE: 3420 12th Ave., Riverside CA |

**TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

Defendant BRIAN DENNIS MARTIN, by and through his substituted in counsel of record, replies to Plaintiffs' opposition to his Ex Parte Application for an Order to Show Cause re dismissal of Plaintiffs' complaint for lack of standing.

///

1

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX
PARTE APPLICATION FOR ORDER TO SHOW CAUSE

## I. INTRODUCTION

Plaintiffs' Opposition (ECF Doc. No. 150) is a study in evidentiary avoidance. Ordered by this Court to address a documented jurisdictional defect, Plaintiffs have provided only unsworn narratives and claims of a "secret" 2019 assignment that they have notably failed to produce. Because Plaintiffs have failed to provide the very document they claim gives them standing, their Opposition should be disregarded, and the Order to Show Cause should issue.

## II. ARGUMENT

### A. Plaintiffs' "Oregon Assignment" Claim Violates the Best Evidence Rule

Plaintiffs argue that a November 20, 2019, assignment from Brandon Keating to Fidelissimus, LLC provides them standing. However, they failed to attach this document as an exhibit.

- **The Law:** Under **Federal Rule of Evidence 1002 (the Best Evidence Rule)**, "An original writing... is required in order to prove its content."

- **The Defect:** Counsel's description of a document is not evidence. By failing to produce the assignment by the Court's deadline, Plaintiffs have failed to meet their burden under **FRBP 9017**. This Court cannot verify the validity, the signatories, or the specific terms of a document that remains hidden.

### B. A Post-Facto Affidavit is Not a Substitute for a Written Assignment

Plaintiffs point to a 2020 affidavit by Brandon Keating as "evidence" of the transfer. This is legally insufficient for several reasons:

1. **Title vs. Testimony:** An affidavit is testimony, not a title document. Under the Statute of Frauds and the specific requirements for judgment transfers, a written instrument of

2

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX
PARTE APPLICATION FOR ORDER TO SHOW CAUSE

assignment is required to transfer ownership. An affidavit *describing* an assignment is not the assignment itself.

2. **Hearsay:** The affidavit's statements regarding the contents of the purported 2019 assignment are **inadmissible hearsay** under **FRE 801 and 802**. Plaintiffs are attempting to use an out-of-court statement to prove the truth of a legal transfer that they refuse to document with the actual contract.

3. **Contradicted by 2026 Certification:** Any weight the Court might give a 2020 affidavit is completely neutralized by the **April 13, 2026, Abstract of Judgment**. If Mr. Keating truly believed he had divested himself of interest in 2019, he would not be listed as the owner of record on a federal certification issued six years later.

## C. The 2026 Certified Federal Record Controls Over Private 2019 Claims

Plaintiffs suggest that the **April 13, 2026, Abstract of Judgment 3:14-cv-03088 (Doc. 184)** is a mere "collection device" and not proof of ownership. This is legally incorrect.

- The Abstract is a **Certified Record of the Court** that issued the judgment. A Clerk of the Court does not issue an Abstract naming an individual (Keating) if that individual has been replaced by an assignee of record.

- If an assignment occurred in 2019, Plaintiffs have sat on their rights for over six years without recording it in the Texas Federal Court. They cannot now ask this Court to ignore a certified 2026 record in favor of an unrecorded 2019 "pocket assignment."

## D. Plaintiffs Misstate the Law Regarding LBR 9075-1(a) (Emergency Status)

Plaintiffs argue that the Debtor has not shown "irreparable injury." They are mistaken.

- **The Injury:** The injury is a **Fraud upon the Court**. In the Ninth Circuit, "Standing is a

3

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX
PARTE APPLICATION FOR ORDER TO SHOW CAUSE

threshold question that goes to the heart of the court's jurisdiction." *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001).

- Proceeding with a $4.2 million trial initiated by a party that lacks standing is a waste of judicial resources and a violation of the Debtor's Due Process. A jurisdictional defect is, by definition, an emergency.

**E. Rebuttal of Plaintiffs' Request for Sanctions**

Plaintiffs request sanctions under **11 U.S.C. § 105(a)**, calling this application "frivolous."

- It is a matter of record that the **2026 Abstract** names someone other than the Plaintiff.

- It is a matter of record that the Plaintiffs failed to attach their purported assignment to their Opposition.

- Seeking clarity on a contradiction in certified federal records is the definition of **Good Faith**. If sanctions are appropriate, they should be directed at the Plaintiffs for initiating a case without being the "Real Party in Interest" under **FRCP 17**.

**III. CONCLUSION**

Plaintiffs have had their "day in court" to provide proof of standing and they chose to provide none. They have no assignment of record in Texas, no acknowledgment of assignment in California under **CCP § 673**, and they have produced no exhibit in this Court. The Debtor respectfully requests that the Court sign the Order to Show Cause.

Dated: May 15, 2026

///

///

4

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE

Respectfully submitted,

PROMINENT LAW GROUP, APC

Date: May 15, 2026                                By: _____

Joshua R. Engle, counsel for Brian Dennis Martin, Defendant

5

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY EX
PARTE APPLICATION FOR ORDER TO SHOW CAUSE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 333 City Blvd. West, Suite 1700, Orange, CA 92868


A true and correct copy of the foregoing document entitled (*specify*):  Defendant's Reply to Plaintiffs' Opposition to
 Emergency Ex Parte Application for Order to Show Cause
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
05/15/2026 _____ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
 Lynda T. Bui (TR)    trustee.bui@shulmanbastian.com, C115@ecfcbis.com,RPodorovsky@shulmanbastian.com
 Joshua R Engle    josh@plgoc.com
 United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __05/15/2026____ , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
 Michael Jay Berger, The Law Offices of Michael Jay Berger, 9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212

 Mark Stuart Rosen, Attorney at Law, 27281 Las Ramblas, Suite 200, Mission Viejo, CA 92691

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

05/15/2026    Joshua R. Engle, Esq.
*Date*              *Printed Name*                                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**